COMMONWEALTH *vs.* JOHN CRONIN.

Essex.   November 17, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Evidence,* Private conversations between husband and wife.

In a criminal case in which the defence is insanity, the wife of the defendant is pro-
hibited by R. L. c. 175, § 20, cl. 1, from testifying to a private conversation in
which the defendant told her that he would drown himself, although the state-
ment thus excluded is relevant to show the defendant's state of mind.

INDICTMENT, found on May 12, 1902, for an assault with
intent to murder.

At the trial in the Superior Court before *Harris,* J., the de-
fence relied upon was insanity caused by epilepsy. It appeared,
that after committing the assault in question the defendant,
being pursued by persons who had come up, ran to a pond and
threw himself in, and was rescued from the pond in an uncon-
scious condition. The defendant's wife testified to an illness of
the defendant alleged to be epilepsy, and was allowed without
objection to testify in regard to the condition of the defendant
as manifested by his symptoms. The defendant then offered
to show by his wife that immediately upon coming out of this
attack the defendant declared that he would drown himself.
The judge excluded this evidence solely upon the ground that it
was a private conversation between husband and wife. The
jury returned a verdict of guilty; and the defendant alleged
exceptions.

*W. S. Knox & W. Coulson,* for the defendant.

*W. S. Peters,* District Attorney, for the Commonwealth.

BARKER, J.   The defendant's statement that he would drown
himself was made in private to his wife. It was relevant to his
condition of mind, but was made incompetent and inadmissible
as evidence in his favor by the prohibition of the statute,
"Neither husband nor wife shall testify as to private conversa-
tions with each other." R. L. c. 175, § 20, cl. 1. *Fuller* v.
*Fuller,* 177 Mass. 184, and cases cited. It did not come within
the reason of the exception which allows abusive language

addressed by a husband in private to his wife to be given in evidence to show abusive treatment.  See *French* v. *French*, 14 Gray, 186.

*Exceptions overruled.*