CHARLES E. SHERRY *vs.* LESTER F. MOORE.

Middlesex.    November 15, 1928. — November 27, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Alienation of Affection. Evidence*, Relevancy and materiality, Competency, Pleadings in divorce proceedings, Private conversation of husband and wife. *Husband and Wife. Practice, Civil*, Requests, rulings and instructions, Ordering verdict.

At the trial of an action of tort for alienation of the affection of the plaintiff's wife, the plaintiff introduced in evidence a libel for divorce by his wife charging him with cruel and abusive treatment and nonsupport; and the defendant introduced in evidence the plaintiff's answer to the libel, wherein he alleged that his wife had committed adultery. There was no evidence of adultery on the part of the wife. There was evidence that the plaintiff contributed to the support of his wife under an order of court for a certain period after the filing of the libel, until the order was revoked. *Held*, that

(1) No error appeared in allowing the plaintiff to introduce in evidence, for the purpose of showing his state of mind, a writing on the back of his answer to the libel for divorce, whereby he waived so much of the answer as related to adultery; the waiver was part of the answer;

(2) Testimony by the plaintiff, that his reason for not supporting his wife for a period after the action was brought was because she would not leave the defendant, was relevant on the material issues of the case, and properly was admitted;

(3) No error appeared in permitting the plaintiff in cross-examination of his wife to ask her whether the defendant's hired man moved certain furniture to the defendant's house, and whether the hired man took orders from her the same as from the defendant;

(4) Evidence, that the plaintiff said to his wife in private conversation with her that he wished she were dead, was inadmissible under G. L. c. 233, § 20, First.

The declaration in the action above described contained an allegation that the plaintiff forbade his wife to remain in the defendant's house. There was no evidence to support this allegation. There was conflicting evidence on the material issues raised at the trial of the action. At the close of the evidence, the trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held,* that

    (1) Proof of such allegation was not required;

    (2) No error appeared in such denial.

Requests by the defendant for rulings at the trial above described, which were sufficiently covered by the charge or by other requests granted by the trial judge, and a request relating to an issue of fact, properly were refused.

TORT for alienation of the affection of the plaintiff's wife. Writ dated November 20, 1922.

The action previously was before this court upon exceptions saved by the defendant at the trial in the Superior Court before *Donahue,* J., and, by a decision reported in 258 Mass. 420, the exceptions were sustained.

A second trial of the action was before *Keating,* J., when there was evidence that in February, 1920, the plaintiff's wife agreed with the defendant to take care of the defendant's children and to do the defendant's housework in return for board for herself and her children, and the plaintiff agreed with the defendant to do chores on the defendant's farm in return for his board; that the plaintiff and his wife thereupon went to live at the defendant's house, where the plaintiff remained until the spring of 1922, when he left; and that his wife remained at the defendant's house until the trial. There was other and conflicting evidence on the material issues of the action. There was no evidence that the plaintiff ever forbade his wife to remain in the defendant's house.

At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor. The judge in substance instructed the jury to consider in the light of all the evidence the relations between the plaintiff and his wife, between the wife and the defendant, and between the plaintiff and the defendant, and that "if a husband or a wife is deprived of the company, coöperation or aid of his or her spouse in every act of the marital relation by the wrongful act of a third party, the third party is liable. . . . If you should find that she refused to live with her husband and

leave Moore's house and that her refusal was due to the persuasion of the defendant, then the defendant would be liable. If you should find that she refused to live with her husband and leave Moore's house, but that her refusal was not due to the persuasion of Moore, then the defendant would not be liable. If you should find that her refusal to live with her husband and leave Moore's house, if there was such a refusal, was due to a determination of her own, independent of any persuasion or action on the part of Moore, then your verdict would be for the defendant. If you should find that Mrs. Sherry refused to live with her husband and leave Moore's house and that that was due partly to the persuasion of Moore and partly to some other consideration, then the defendant would not be liable, unless you find that her refusal to live with her husband and leave Moore's house was due principally to the persuasion of Moore. In other words, that Moore's persuasion, if you have found there was such, was the controlling cause of her refusal to live with her husband and leave Moore's house."

The judge ruled, as requested by the defendant, as follows:

"2. Unless the refusal of the plaintiff's wife to live with him was due to wrongful persuasion of the defendant, the plaintiff cannot recover."

"7. No action lies merely for depriving a husband of the affections of his wife.

"8. If the separation of the plaintiff from his wife was in fact due to his conduct toward or treatment of his wife, the plaintiff cannot recover.

"9. If the separation of the plaintiff from his wife was due to his wife's determination to live apart from him and with her own children, supporting them by her own labor, and if such determination was not due to any wrongful act of the defendant, the plaintiff cannot recover.

"10. If Mrs. Sherry made up her own mind to live separate and apart from her husband, and her intent so to do was formed by reason of a number of independent facts and circumstances, and was not brought about by misconduct of the defendant, or violation by the defendant of any legal

duty which he owed the plaintiff, then the plaintiff cannot recover."

"17. The contract of service, made in February, 1920, between Mrs. Sherry and the defendant, was a lawful and valid contract."

"19. In the performance of her contract, Mrs. Sherry was lawfully at the defendant's house."

"21. The defendant had a legal right to contract with Mrs. Sherry for her labor or services in the same manner and to the same extent as if she were a single woman."

The judge refused the following rulings requested by the defendant:

"3. A married woman is, in the view of the law, a distinct and independent person from her husband. She has the right to use her time for the purpose of earning money on her sole and separate account. She may perform labor and is entitled to her wages or earnings.

"4. A married woman's right to employ her time for the earning of money on her own account is as complete as her husband's.

"5. A husband's right to and enjoyment of his wife's society and services is subordinate to the wife's right to employ her time in the earning of money by performing labor or by carrying on a trade or business. A husband can no longer compel his wife to work for him during such time as she may choose to perform labor on her sole and separate account.

"6. A married woman has full authority in law to make contracts in the same manner as if she were sole, and all work and labor performed by her for other than her husband and children is, unless there is an expressed agreement on her part to the contrary, presumed to be on her separate account."

"14. The defendant's conduct, as shown by the evidence in this case, is consistent with freedom from liability in this action."

"20. Mrs. Sherry's act, in living at the defendant's house pursuant to her contract of service, to do housework there and take care of the defendant's two children in return for her board and the board of her children, was not wrongful;

and even though she did not live with her husband, if her act in remaining at the defendant's house was by reason of and in performance of her contract, the plaintiff cannot recover in this action."

There was a verdict for the plaintiff in the sum of $2,000. and the defendant alleged exceptions.

*C. W. Rowley,* for the defendant.

*J. J. Shaughnessy,* for the plaintiff.

SANDERSON, J.    This is an action of tort, begun November 20, 1922, for alienation of the affections of the plaintiff's wife.   The verdict was for the plaintiff.

The plaintiff introduced in evidence a divorce libel filed by his wife July 17, 1922, in which she charged him with cruel and abusive treatment and nonsupport.    The defendant then put in the answer to that libel signed by the plaintiff and filed January 25, 1923, alleging, among other things, that the libellant had been unfaithful to her marriage vows and at divers times between June, 1920, and January 25, 1923, had committed adultery with men whose names were unknown to him.    The plaintiff then introduced, subject to the defendant's exception, the writing on the back of the answer in the following words: "The within answer as far as it relates to adultery is hereby waived.    Charles E. Sherry." The record did not disclose when the waiver was indorsed on the answer, although the plaintiff testified that he thought it was in May, 1925.    When this testimony was introduced the judge said in substance that this waiver as well as the answer to the divorce libel had been admitted only to enable the jury to consider what the state of mind of the libellee in the divorce proceedings was and for no other purpose, and that if the answer or the evidence tending to show waiver of a part of that answer in any way contradicts the plaintiff it would be admissible for that purpose also. This answer, although filed after the action was begun, related in part to an earlier period and was admissible in evidence.    *Sherry* v. *Moore,* 258 Mass. 420, 424.    The waiver was a part of the answer.    The ruling admitting the waiver could not have prejudiced the defendant.    The plaintiff later testified that he knew of no improper relations

between his wife and the defendant, and the judge ruled, at the defendant's request, that there was no sufficient proof of adultery.

There was no error in permitting the witness to state that his reason for not supporting his wife during a period after the action was begun was because she would not leave Moore. The defendant had previously brought out the fact that the plaintiff had contributed to the support of his wife and children by order of the court after the libel for divorce was filed and down to May, 1923, when the order was revoked. One of the issues in the case was whether the defendant had wrongfully kept the plaintiff's wife away from him. Evidence as to the relations of the parties, including the husband's failure to support his wife, even after the action was begun and his reason therefor, was not immaterial. The plaintiff might be permitted to show that the wrong of which he complained continued while the action was pending and his reason for not supporting his wife could be found to have a bearing on that matter. There was no error in permitting the plaintiff in cross-examination of his wife to ask whether the defendant's hired man moved certain furniture to the defendant's house and whether the hired man took orders from her the same as from the defendant.

In direct examination the plaintiff's wife was asked whether prior to the filing of the libel for divorce in July, 1922, her husband said he wished she were dead. The trial judge in excluding the question said that it might be asked if the statement was made in the presence of some third party. So far as the record discloses the remark made by the plaintiff to his wife was part of a private conversation between husband and wife inadmissible under G. L. c. 233, § 20, First. "It did not come within the reason of the exception which allows abusive language addressed by a husband in private to his wife to be given in evidence to show abusive treatment." *Commonwealth* v. *Cronin*, 185 Mass. 96, 97.

The defendant's exception to the refusal of the judge to direct a verdict in his favor was based in part on the ground that the allegation in the declaration — to the effect that the plaintiff had forbidden the defendant to allow his wife

to remain in the defendant's house — is a material part of the case not supported by the evidence. This allegation is not a controlling consideration and proof of such specific order by the plaintiff to the defendant was not required. The recital of the testimony in detail would serve no useful purpose. It is enough to say that by it issues of fact were presented and the motion for a directed verdict was denied properly.

The defendant's request — that unless the defendant kept the plaintiff and his wife apart the plaintiff cannot recover — was given in substance. His third, fourth, fifth and sixth requests, in so far as they were material, were sufficiently covered by the charge. The extent to which the judge should discuss the general rights of a married woman was largely a matter in his discretion. The fourteenth request related to an issue of fact for the jury. No error appears in the refusal of the judge to rule that there was no evidence that the contract was modified or terminated or that the plaintiff requested the defendant to modify or terminate it. The rulings given, as to the right of the wife to live apart from her husband and to support her children by her own labor, and as to the right of the defendant and Mrs. Sherry to contract for her labor and services, sufficiently covered the defendant's twentieth request for ruling. The charge, considered as a whole, fairly presented to the jury the material issues which they were called upon to decide.

*Exceptions overruled.*