OTTO NUSSER, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK ET AL., DEFENDANTS.

Argued October 2, 1945—Decided April 22, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Harvey A. Lieb* and *Jacob Fox*.

For the defendants, *Thomas L. Parsonnet* and *Joseph A. Ward*.

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review the action of the Board of Adjustment of Newark in denying to prosecutor a permit for the alteration of a store property located at 587 Springfield Avenue, in that city. To the south of Springfield Avenue, and approximately parallel thereto, is Pierce Street. Prosecutor is the owner of a property fronting on Pierce Street in the rear of his property fronting on Springfield Avenue and, although the buildings erected on the two properties are said to be separate buildings, they are contiguous and access may be had from one to the other.

The property fronting on Springfield Avenue is in a second business zone and that on Pierce Street in the first industrial zone, the dividing line cutting diagonally across the Pierce Street property. By virtue of the provisions of the zoning ordinance and by virtue of permission heretofore given by the Board of Adjustment, prosecutor has been operating in the Pierce Street building an industrial enterprise in the form of a sheet metal shop. Under the terms of this permission prosecutor is permitted to devote the Springfield Avenue building, to a depth of fifty feet, to a business use, namely a show room, and to use the Pierce Street property and that part of the Springfield property which is more than fifty feet from the front for his industrial purposes.

The Springfield Avenue building was apparently originally designed as a garage, having large double doors opening on the sidewalk. It is said not to be structurally suitable for the show room purpose to which it has been devoted by prosecutor. The application which was denied, and which is now before us, was designed to put in a new store front to the show room and at the same time raise the roof level of the building, which is one story, to permit a stock room on a new second floor which would be constructed. It is insisted by the prosecutor that the Springfield Avenue store to a depth of fifty

feet is not to be used for manufacturing purposes and that the merchandise to be displayed and stored there will consist of refrigerators, oil burners, and other such devices, not manufactured by the prosecutor.

Consents and approvals of many neighboring property owners were presented to the board and there appeared one objector, the owner of the adjacent property at 585 Springfield Avenue, whose objection was based solely upon the ground that raising the roof level of the building in question would in part shut off two windows at 585 Springfield Avenue.

The defendants take the view that this is an application for the enlargement of a nonconforming use, claiming that the whole premises are part and parcel of an industrial use. We do not see how this can be so in view of the fact that the previous permit limited the use to which the prosecutor could put the front fifty feet on Springfield Avenue to display and storage purposes, which amount to a use permitted in a business zone. We think the property, for zoning purposes, is divided into two sections, that which is permitted to be used industrially and that which is not but must be limited to uses permitted in a business zone. It is the structure in the business zone alone that is sought to be changed and enlarged and the use thereof will continue to be such as is permitted in business zones, namely storeroom and display room.

The objection made by the adjoining owner in no way involves any violation of the zoning ordinance and has no place in a zoning case. If any such right as is asserted exists, it must be enforced in an appropriate proceeding.

Considering all the circumstances, we are of the opinion that the action of the zoning board was unreasonable and should be set aside.