HARRY ATHERTON & others *vs.* BOARD OF APPEALS OF BOURNE.

Barnstable. May 10, 1956. — July 20, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning.*

A zoning variance cannot be granted under G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, unless all of the prerequisites stated in the statute are established. [454]

Facts respecting a tract of more than an acre of vacant seashore land, partly low and marshy, situated at the heel of and virtually a part of a point exclusively devoted to residential uses, and together with

the point forming an area isolated from the rest of the town by railroad tracks and zoned for residential purposes, did not warrant a conclusion that a zoning variance permitting the conduct of a business of building, repairing and storing boats on the tract, with the necessary structures and machinery therefor, could be granted "without nullifying or substantially derogating from the intent or purpose of" the zoning by-law as is required by G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, and therefore did not justify the granting of such a variance. [454–455]

BILL IN EQUITY, filed in the Superior Court on May 26, 1955.

The suit was heard by *Beaudreau, J.*

*Allan M. Hale,* (*Paull M. Cushman* with him,) for the plaintiffs.

*John P. Sylvia, Jr.,* for the defendant.

SPALDING, J. This is a bill in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of the board of appeals of the town of Bourne granting a variance. The judge entered a decree that the board's decision did not exceed its authority and that the variance was valid. The plaintiffs appealed.[1] The evidence is reported.

The findings made by the judge were as follows: "I find that the evidence in this case justified the findings made by the board of appeals, that said board acted within its statutory powers, and that its decision was not arbitrary or capricious."

Facts which we find from the reported evidence are these. The locus here involved is situated near Phinney's Point, so called, in the town of Bourne, and is owned by one Bigelow. Phinney's Point is in a residential zone. The area comprising Phinney's Point, except the locus, which is vacant land, is devoted to residential uses. The houses on the point for the most part are owned and occupied by summer residents, but there are a few people who live there the year round. There are no commercial activities carried on in the area. The point is bounded on the east by the tracks of the New

---

[1] The plaintiffs are owners of property abutting on, or near, the area with respect to which the variance was granted.

York, New Haven and Hartford Railroad and on the west by Buzzards Bay. The point is reached by a narrow road, twelve to fifteen feet wide, which crosses the railroad tracks.

The locus, the area of which is between fifty thousand and sixty thousand square feet, is bounded on the west by a small cove which is northeast of the tip of the point. The locus is at the heel of the point and lies between the point and the easterly shore of Back River. On the east the locus is bounded by the above mentioned railroad tracks. The land comprising the locus is somewhat lower than most of the property on the point and at some points is but three feet above the high water mark. Portions of it are marshy. As to whether it was suitable for residential purposes the evidence was conflicting. Doubtless it was less suitable for these purposes than was much of the land on the point but it cannot be said that it could not be used for such purposes.

Bigelow, the owner of the locus, has been for many years in the business of building, repairing, and storing boats. The variance which he seeks would enable him to carry on this business on the locus and to construct thereon the following: a storage shed, construction shed, spar shed, lumber shed, paint shed, dock, and a marine railway. Boats up to a size of fifty feet would be built on the premises, but most of the boats built there would be small sailboats of about fifteen feet. Eight men and possibly as many as twenty-five would be employed at the plant. Machinery such as planers and saws would be employed and their operation would be attended by some noise, the extent of which was in dispute. The locus would also be used for the storage of boats.

Formerly, Bigelow had other places in the town of Bourne where he built and stored boats but his principal plant, which was on property rented from the town, was destroyed by a hurricane. Since the town is now using this property for a public beach, he is not able to reëstablish his business there. It appears that the zoning by-laws placing Phinney's Point in a residential zone were adopted in 1951 which was prior to the time when the locus was acquired by Bigelow.

We are of opinion that the decree below was erroneous.

The principles governing the granting of variances have been frequently discussed in our decisions and need not be restated.  Some of them have been set forth in *Blackman* v. *Board of Appeals of Barnstable, ante,* 446.  Other cases bearing on the subject are *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, and *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, where many cases are collected.

Under G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, boards of appeals are empowered to grant variances with respect to a particular parcel of land "where, owing to conditions especially affecting such parcel . . . but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise."  If *any* of these requirements is not satisfied no variance can be granted.  *Blackman* v. *Board of Appeals of Barnstable, ante,* 446.  So without pausing to consider whether the applicant has satisfied the hardship requirement of the statute, we pass to the last requirement, namely, that a variance may not be granted if it results in "nullifying or substantially derogating from the intent or purpose" of the by-law or ordinance.  From the evidence, which includes numerous photographs, we are of opinion that the granting of the variance here would plainly offend against the provision just quoted.  It is apparent from this evidence that Phinney's Point is a homogeneous unit for zoning purposes. Indeed, it would be difficult to conceive of one that was more so.  It is separated from the rest of the town of Bourne by the railroad tracks and is reached only by means of a narrow road crossing those tracks.  The area hitherto has been used exclusively for residential purposes and the locus is virtually an integral part of it.  To permit a parcel of substantially

more than an acre to be opened up for commercial uses of the sort here involved in this relatively small and isolated area would go far toward nullifying and derogating from the intent and purpose of the by-law; it would unquestionably alter the essential character of an otherwise residential neighborhood.

It follows that the final decree must be reversed and a decree is to be entered that the decision of the board of appeals of the town of Bourne was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of said town.

*So ordered.*