WILLIAM A. TRACY & others *vs.* BOARD OF APPEALS OF MARBLEHEAD & others.

Essex.  February 4, 1959. — May 14, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, & CUTTER, JJ.

*Zoning.*

A town's zoning by-law as originally adopted, which placed in a business district a lot located on a street and then used for business and a larger lot, also then used for business, located on the opposite side of the street and extending therefrom to a railroad, was not invalid as spot zoning with respect to the smaller lot although the surrounding area, then containing some dwellings and undeveloped farm land and woods, was placed in a residence district.

BILL IN EQUITY, filed in the Superior Court on October 1, 1957.

The suit was heard by *Paquet*, J.

*Morris Michelson*, (*William Sevinor* with him,) for the interveners.

*Daniel Santry*, Town Counsel, for Board of Appeals of Marblehead and others.

*William A. Tracy,* (*Leo H. Tracy* with him,) for the plaintiffs.

WILLIAMS, J. This is an appeal to the Superior Court under G. L. c. 40A, § 21, as appearing in St. 1957, c. 199, § 1, from a decision of the board of appeals of Marblehead affirming the action of the building inspector of the town in granting to one Leo Sevinor a permit to erect a building on Smith Street to be used for commercial purposes. The locus is a portion of a much larger area purchased in 1939 by one Ralph Sevinor, the father of the applicant. Leo Sevinor is engaged in the business of building construction with his brothers William and Philip under the name of Ralph Sevinor Sons. The permit was issued for the construction of a one story cement block building thirty-two feet wide, one hundred feet deep, and eleven feet high. The parties are landowners in the vicinity, the building inspector and the members of the board of appeals. Leo Sevinor and his brothers have been allowed to intervene. A judge of the Superior Court made findings of material facts, decided in favor of the plaintiffs, annulled the decision of the board of appeals, and invalidated the permit. In his decree, the Sevinors were enjoined from constructing a commercial building on the locus and from making any use of the premises excepting such uses as are allowed in a single residence district. The members of the board of appeals and the interveners have appealed from the decree. The evidence is reported.

The locus was zoned as a business district under a zoning by-law of the town adopted in town meeting on March 26, 1928. The by-law provided for four districts, (1) unrestricted districts, (2) single residence districts, (3) general residence districts, and (4) business districts. There were eleven business districts, generally small in area and scattered throughout the town. The locus was a lot containing 22,500 square feet on the westerly side of Smith Street, a way approximately 1,300 feet long running northwest and southeast between Pleasant Street and Atlantic Avenue. It contained a carpenter shop used by one Doane. Across

the street was a lot, which appears from the scaled zoning map to be from three to four times larger in area than the Doane lot, owned by one Snow, a general contractor, and used by him in his business. The Doane and Snow lots were joined in one business district. The Snow lot extended from Smith Street in a northeasterly direction to a point on the track of the Boston and Maine Railroad opposite the Devereux Station. This track crossed Smith Street about 700 feet southeasterly from Pleasant Street. The land surrounding this business district was zoned for residences. Some single family houses had already been built on the easterly side of Smith Street but on the westerly side there were no buildings except the Doane shop between Pleasant Street and the railroad track. The land westerly of Smith Street between Pleasant Street and the track was a large undeveloped tract consisting of farm land and woods in which, as appears from the map, there were no streets. Except for two small houses later erected on the westerly side of Smith Street near Pleasant Street the land on that side of the street appears from photographs to be in substantially the same condition as it was described to be in 1928. The businesses carried on by Doane and Snow have been discontinued.

The interveners own the land between Pleasant Street and the railroad track on the westerly side of Smith Street except for the lots, which as above stated, have been built upon.

The plaintiffs contend that the zoning by-law is invalid as applied to the locus and constitutes spot zoning. The question of invalidity depends upon whether, as applied to that lot, the provisions of the by-law were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare" (*Wilbur* v. *Newton*, 302 Mass. 38, 39; see G. L. c. 40, § 25), or whether they "can reasonably be thought to have some tendency to advance the interests of the public, either in the direct consequences, or indirectly by upholding the integrity of a system that as a whole may reasonably be thought to promote the interests of the public." *Pittsfield* v. *Oleksak*, 313

Mass. 553, 555. *Lexington* v. *Simeone*, 334 Mass. 127, 131. This is not a situation where an existing by-law has been amended by singling out from an established zone a particular lot for special treatment. See *Whittemore* v. *Town Clerk of Falmouth*, 299 Mass. 64; *Leahy* v. *Inspector of Bldgs. of New Bedford*, 308 Mass. 128, 133. It is a case where the district in controversy has been established as part of an original general scheme for the development of the town. It must be presumed that the voters of the town were familiar with the physical characteristics of the locality and the general nature of the neighborhood (*Milton* v. *Donnelly*, 306 Mass. 451, 459) and that in zoning it for business their purpose was to subserve the public welfare. *Inspector of Bldgs. of Lowell* v. *Stoklosa*, 250 Mass. 52, 62. Special local circumstances may be thought to justify certain provisions on grounds of permissible expediency. *LaMontagne* v. *Kenney*, 288 Mass. 363, 367. It often is difficult to draw the line between neighborhoods that should be devoted to different uses, and where there is room for reasonable doubt the judgment of the local authorities should prevail. *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622, 624. *Caires* v. *Building Commr. of Hingham*, 323 Mass. 589, 594–595. A by-law will not be held void merely because judges differ from the town meeting on matters of expediency. *Welch* v. *Swasey*, 193 Mass. 364, 376. See *Simon* v. *Needham*, 311 Mass. 560, 566; *Concord* v. *Attorney Gen.* 336 Mass. 17, 24–25.

We see nothing in the location of the Doane and Snow properties which made their inclusion in a business district arbitrary or unreasonable. In *Marblehead* v. *Rosenthal*, 316 Mass. 124, 126, where the validity of this zoning by-law, as a whole, was sustained, it was said in reference to the dispersed business districts that "[s]mall business areas are often a convenience and sometimes a necessity in or near large residential areas." While the town planners zoned the land surrounding this district for residences, they could properly decide from its location on the track and its current commercial use that it was an appropriate area for future business.

Maher *v.* Brookline.

The decree which held that the designation of the locus as a business district constituted spot zoning and was invalid is reversed. A decree is to be entered stating that in its decision the board of appeals did not exceed its authority; that no modification of its decision is required; and that the clerk of the court, within thirty days after the entry of the decree, shall send an attested copy thereof to the board.

*So ordered.*