HARRY ATHERTON & others *vs.* BUILDING INSPECTOR OF BOURNE & others.

Barnstable.     October 5, 1961. — December 6, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Spot zoning.

After a decision by this court that an amendment of a town's zoning by-law placing in an unrestricted classification an area of a few acres on a point at the shore previously wholly in a residence classification was invalid as spot zoning, a further amendment of the by-law effecting a comprehensive rezoning of the town whereby the point except for such area was placed in a residence classification and such area was placed in a business classification, although there had been no change in the pertinent factual situation, was, as to such area, likewise invalid as spot zoning.

PETITION for a writ of mandamus filed in the Superior Court on September 14, 1959.

The case was heard by *Thompson, J.*

*Frederick H. Balboni,* for the respondents.

*Allan M. Hale,* (*Paull M. Cushman* with him,) for the petitioners.

KIRK, J.   The respondents appeal from an order that a writ of mandamus issue commanding them to enforce the zoning by-law, with respect to an area known as Phinney's Point, as it stood prior to an amendment voted by the town of Bourne on February 9, 1959. We have dealt with the subject matter twice before. In *Atherton v. Board of Appeals of Bourne,* 334 Mass. 451, it was stated that Phinney's Point, a relatively small and isolated area which had been used exclusively for residential purposes and which was

classified by the 1951 by-law as a residence district, was a homogeneous unit for zoning purposes. It was held that a variance to permit one Bigelow to operate a commercial boat yard in the area on land acquired by him after 1951 was in excess of the authority of the board. In *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, an amendment of the zoning by-law adopted in 1956, which reclassified a small part of Phinney's Point, including Bigelow's proposed boat yard, from a residence to a general use district (where no restrictions were imposed), was held invalid because it was in excess of the power conferred by the enabling act. A 1958 amendment which changed all of Phinney's Point from a residence district to a general use district was ruled invalid in the Superior Court. That case never reached us. The 1959 amendment, now in issue, was a comprehensive rezoning of the town. By it, Phinney's Point was classified as a residence district with the exception that the identical area which had been classified as a general use district by the invalid 1956 amendment was classified as a business district. Bigelow there conducts the business of building, repairing, storing, and servicing boats. There has been no change in the physical characteristics or in the use of property on Phinney's Point since our decision in *Atherton* v. *Board of Appeals of Bourne,* 334 Mass. 451, except for such structures or installations as have been built by Bigelow under the guise of a variance and amendments which have consistently been ruled invalid. There has been no change in the factual situation throughout this needlessly prolonged litigation. There has been no change in the applicable law.

The case of *Tracy* v. *Board of Appeals of Marblehead,* 339 Mass. 205, relied upon by the respondents, does not aid them. Rather, it emphasizes the line which distinguishes the two cases. We hold that from the beginning this has been "a situation where an existing by-law has been amended by singling out from an established zone a particular lot for special treatment." *Tracy* v. *Board of Appeals of Marblehead, supra,* page 208.

.

The 1959 amendment, so far as it purports to reclassify any part of Phinney's Point to a district other than a residential district, is invalid for the reason stated in *Atherton v. Selectmen of Bourne,* 337 Mass. 250, 251–256.

*Order for judgment affirmed.*