FREDERICK I. CROSS & others *vs.* PLANNING BOARD OF CHELMSFORD.

Middlesex.    December 4, 1962. — March 28, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Validity, Size of lots, Frontage.

An amendment of the zoning by-law of a town, providing that in single residence districts lots "within 625 frontage feet of an accepted street" should have a certain area and frontage and lots "more than 625 frontage feet from an accepted street" should have twice the area and nearly twice the frontage, was not in furtherance of any of the zoning purposes set forth in G. L. c. 40A, §§ 2, 3, and was invalid.

BILL IN EQUITY filed in the Superior Court on October 16, 1961.

The suit was heard by *Cahill,* J.

*Vernon R. Fletcher,* Town Counsel, for the defendant.

*Warren W. Allgrove* for the plaintiffs.

KIRK, J. The plaintiffs are owners or agents of owners of land in Chelmsford who sought the approval of the defendant planning board to a definitive subdivision plan for residential building under G. L. c. 41, § 81U. The board disapproved the plan ''because the lot sizes do not conform with the zoning requirements'' as established by an amendment to the zoning by-law adopted at the town meeting

in March, 1960. The plaintiffs appealed to the Superior Court under G. L. c. 41, § 81BB, where the judge made findings on all issues. Pursuant to his order a decree was entered which annulled the decision of the board as being in excess of its authority, declared null and void the amendment to the zoning by-law under which the board purported to act, and ordered final approval of the plan under the provisions of the by-law as it read prior to the March, 1960, amendment. An appeal by the board brings the case to us.

The findings of the judge in the absence of a report of the evidence, and subject to exceptions not here applicable, must be taken as true. *Sturnick* v. *Watson,* 336 Mass. 139, 143. We incorporate the substance of his findings in so far as they relate to the issue which we consider to be decisive of the case.

The lands of the plaintiffs comprise 233.505 acres located in a single residence A–2 district under the town zoning by-law. In 1961 the plaintiffs filed three successive plans with the planning board: scheme A, showing a subdivision into 304 lots; scheme B, showing a plan of 278 lots; and finally on August 1, 1961, the definitive plan showing 212 lots. A public hearing in accordance with G. L. c. 41, § 81T, was held on the definitive plan. Disapproval by the board under G. L. c. 41, § 81U, for the reason above stated, followed.

The zoning by-law, prior to the amendment voted at the annual town meeting held in March, 1960, required: "Section 9 . . . A . . . 3 . . . b.  In Single Residence A–2 Districts, an area of twenty-two thousand and five hundred (22,500) square feet and a width of one hundred and twenty five (125) feet." The amendment of March, 1960, subsequently approved by the then Attorney General, added three clauses to § 9, A, 3. Pertinent to our case is the following clause:

| | Area of Lot | Frontage of Lot |
|---|---|---|
| "(g.).  Single Residence A–2 Districts (within 625 frontage feet of an accepted street) | 22,500 | 125 |
| Single Residence A–2 Districts (more than 625 frontage feet from an accepted street) | 45,000 | 225" |

The judge found that Old Stage Road, from which the plaintiffs contend the measurement of frontage feet should be made, was not an accepted street. The consequence of his finding, if the March, 1960, amendment to the zoning by-law is valid, is that the plaintiffs must conform to the larger area and frontage requirements. The judge ruled, however, that the March, 1960, amendment to the zoning by-law was invalid.

At the trial it was agreed, among other matters, that the definitive plan filed by the plaintiffs complied with the zoning by-law as it read prior to the March, 1960, amendment. It was further agreed that if the March, 1960, amendment was invalid the plan should be approved.

The judge was clearly right in ruling that the March, 1960, amendment to the by-law was invalid. It is unnecessary to marshal and to examine fully all the several arguments which could demonstrate its invalidity. We need not, for example, discuss whether the amendment is offensive to the requirements of uniformity throughout the district or whether it is an unauthorized delegation of the zoning power. These propositions were succinctly discussed in *Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341, 344. Nor need we consider whether the amendment is so vague and ambiguous in its meaning and application as to be unenforceable. See *O'Connell* v. *Board of Appeals of Brockton,* 344 Mass. 208, 212. We hold that the amendment is invalid because it is not in furtherance of any of the purposes of the zoning power granted to municipalities in the enabling act, by which its validity must be tested. G. L. c. 40A, §§ 2, 3. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594. We reach this conclusion having in mind the favorable presumption to which a zoning ordinance or by-law is entitled. See *122 Main St. Corp.* v. *Brockton,* 323 Mass. 646, 648–649, and cases cited.

The judge aptly pointed out that the amendment arbitrarily establishes lot sizes and frontages within a part of a district based upon proximity to presently accepted streets and nothing else. We perceive no rational connection, and

the town has suggested none, between the onerous restrictions imposed by the amendment and the purposes for which zoning is authorized under G. L. c. 40A, § 3. The purposes among others are to secure safety from fire, panic and other dangers, to lessen congestion in streets, prevent overcrowding of land, avoid undue concentration of population, and to facilitate provision of water, sewerage and other public requirements. These purposes would be achieved in areas where homes are built on lots within 625 frontage feet of an adequately laid out private way equally as well as in areas where homes are built within the same distance of an accepted street. Thus the requirement of a difference in the size of the lots bears no substantial relation to the general aims of zoning. Its effect is discriminatory. The amendment deprives the plaintiffs and the community of a normal use of their property without accomplishing in any reasonable degree one of the legitimate purposes for which zoning is authorized. *122 Main St. Corp.* v. *Brockton,* 323 Mass. 646, 651.

The decree must be affirmed.

*So ordered.*