## TOWN OF KITTERY

v.

## Robert WHITE and Thomasine Piche.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1981.

Decided Oct. 2, 1981.

McEachern & Thornhill, Duncan A. McEachern (orally), Kittery, for plaintiff.

Gary H. Reiner (orally), Kittery, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Plaintiff Town of Kittery appeals from the denial by the Superior Court, York County, of its request for an injunction against defendant White's conduct of a used tire business on a lot, owned by defendant Piche, zoned partly for business and partly for residential use. We hold that the Superior Court erred in declaring i) that White's business is a lawful nonconforming use of the Piche lot and ii) that the Town is barred from applying different zoning regulations to different parts of a single lot. We therefore vacate the judgment entered below for defendants.

For the purposes of the Kittery zoning ordinance, the Piche lot is called a "split lot," in that part of it is located in the "local business zone" and part in the "urban residential zone." A garage-type building on the property straddles both zones. The lot is also divided for rental purposes: one part fronting on Wentworth Street, entirely in the business zone and not at issue here, is rented for a pizza parlor, so-called; and one fronting on Dame Street, mostly in the business zone but having its Dame Street frontage in the urban residential zone, was used by White for his used tire business. The latter portion of the building has its only truck entrance in the residential zone; a smaller side entrance in the business zone cannot accommodate trucks. In August 1978 Piche sought and obtained permission from Kittery's Board of Appeals for "existing nonconforming warehousing and stor-

age" that validated her husband's use of this half of the building to store his carpentry equipment. Later, Piche rented the premises to defendant White for the operation of his wholesale used tire business there. In August 1979 the Town commenced the present action against Piche and White seeking to enjoin White's business as a violation of the local zoning ordinance.

After a premature appeal to this court, see *Town of Kittery v. White*, Me., 415 A.2d 1087 (1980), the Superior Court entered final judgment for defendants. The Superior Court justice implicitly found the used tire business to fall within the lawful nonconforming use permitted for warehousing and storage. He also assumed, with the Town's consent, that White's operation was permissible within the local business zone. On that assumption, he ruled as a matter of law that the entire lot was effectively zoned for business, because "when a zoning ordinance line splits a lot in use at the date of the passage of the ordinance, the whole lot is only subject to the less restricted zone." The justice cited *Gagne v. Lewiston Crushed Stone Co., Inc.*, Me., 367 A.2d 613, 622 (1976), to support this proposition. The Town timely appealed to the Law Court.

In January 1981, while this appeal was pending, White moved out of the Piche premises and ceased to use them for the purpose sought to be enjoined in the Town's complaint. The Town moved to dismiss for mootness and to vacate the judgment below. After receiving briefs and hearing oral argument on the mootness question, this court last June denied the Town's motion.

The Town does not dispute that White's used tire operation was permissible within that portion of the building zoned for local business and the first 50 feet of the part zoned for urban residence.[1] The Town contests the use of the rest of the lot that is within the urban residence zone, making two contentions on appeal: first, that

White's business was not a lawful nonconforming use; and second, that the justice below erred in construing *Gagne*. We concur on both points.

■ On its face, White's wholesale used tire business better fitted the "retail and wholesale business and service establishment" use permitted only in commercial districts, *see* Town of Kittery Zoning Regulations § XII(B)(2) (June 13, 1977), than it did the warehousing and storage use permitted by the Board of Appeals as a nonconforming use. The court below found that White "processed" old tires by cleaning, inspecting and painting them before resale, a fact that still further removed his business from the category of mere warehousing and storage. Under the Kittery zoning ordinance, only an express finding by the Board of Appeals that White's business was "equally or more appropriate to the zoning district" than warehousing and storage would have sufficed to effect a change from the prior nonconforming use to a new one. *See* Town of Kittery Zoning Regulations, § II(3) (June 13, 1977). In absence of authorization by the Board of that change, White's use of the Piche property could not be squared with the Kittery zoning ordinance as a permitted nonconforming use. If the justice below meant to find the tire business a lawful nonconforming use, his finding was clearly erroneous.

■ The Superior Court alternatively grounded its holding on a construction of *Gagne, supra*, that permits the less restrictive use to govern the entire property whenever a zoning ordinance divides a preexisting lot. This was error. *Gagne* does not say that the less restrictive use must extend throughout the whole lot, but only that the more restrictive use may not. *See* 367 A.2d at 622. Our reading of *Gagne* is consistent with what we take to be the rule in most other jurisdictions that have confronted the issue of split lots, that "it is not a prerequisite for the validity of a zoning ordinance ... that zoning district lines

---

1. The Kittery zoning ordinance provides that in split lots the less restrictive zoning regulation may extend up to 50 feet into the more restric- tive zone. *See* Town of Kittery Zoning Regulations § I(D)(5) (June 13, 1977).

coincide with property lines." *Helms v. City of Charlotte*, 255 N.C. 647, 653, 122 S.E.2d 817, 822 (1961). *See Banks v. City of Bethany*, 541 P.2d 178 (Okl.1975); *Moss v. Town of Winchester*, 365 Mass. 297, 311 N.E.2d 555 (1974); *Nusser v. Board of Adjustment of City of Newark*, 134 N.J.L. 174, 46 A.2d 657 (1946).

In the context of this case, *Gagne* simply means that the portion of the building zoned for local business, plus the 50–foot extension, is immune from the residential restrictions applicable to the rest of the lot. Each part of the lot must comply with the restrictions imposed upon the zone in which it is located, subject only to the 50–foot extension of the business zone.

The entry must be:

Judgment vacated.

All concurring.