Lauriat, J.
The plaintiff, Deborah Anderson (“Anderson”), has moved pursuant to Mass.RCiv.P. 30 and 37, to compel Eileen Barrera, R.N. (“Eileen Barrera”) to answer questions put to her at her oral deposition regarding conversations that she had with the defendant, Samuel Barrera, M.D. (“Dr. Barrera”), about their care and treatment of Anderson in 1991. Dr. Barrera and Eileen Barrera were married at the time of those conversations and counsel for Dr. Barrera instructed Eileen Barrera not to answer inquiries regarding the conversations on the ground of marital disqualification.
For the following reasons, the plaintiffs Motion to Compel Deposition Testimony of Eileen Barrera is ALLOWED.
BACKGROUND
Anderson brought this action against Dr. Barrera alleging that he rendered negligent medical care by not administering a pap smear to Anderson in a timely manner. In his defense, Dr. Barrera claims that Anderson refused to allow a pap smear to be taken in January of 1991. Neither Dr. Barrera nor Eileen Barrera, who was employed as his nurse at the time, noted in their records that Anderson was advised and refused to undergo the pap smear test. During his deposition in August of 1995, however, Dr. Barrera testified that Anderson refused a pap smear during her visit in January of 1991. He also testified that his knowledge of her refusal was based on a conversation that he had with Eileen Barrera. Dr. Barrera and Eileen Barrera were married at the time.
When Anderson later deposed Eileen Barrera about her conversations with Dr. Barrera concerning his treatment of Anderson, she refused to answer on the grounds that she was disqualified by marriage from answering any inquiries concerning those conversations.
DISCUSSION
Mass. Gen. Laws c. 233, §20 disqualifies, as incompetent, evidence of private conversations between marital partners. The statute reads:
Any person of sufficient understanding, although a party, may testify in any proceeding . . . except as follows: First, . . . neither husband nor wife shall testify as to private conversations with the other;
G.L.c. 233, §20. Courts have held that spouses are incompetent to testify regarding the contents of private conversations they have had with one another. Gallagher v. Goldstein, 402 Mass. 457 (1988); Kaye v. Newhall, 365 Mass. 300, 304 (1969); Sherry v. Moore, 265 Mass. 189, 194 (1928). The rule is one of disqualification rather than privilege and renders evidence inadmissible even if both spouses wish the evidence to be received. Kaye v. Newhall, 356 Mass. 300. (See also Gallagher, 402 Mass. at 459, citing Commonwealth v. Gillis, 358 Mass. 215, 216-17 (1970).)
The statute concerning marital disqualification is often thought to promote domestic peace, conjugal loyalty, and the sanctity of the marital relation. Five historical and policy reasons on which the rule rests are, “(1) the husband and wife were considered one entity at common law; (2) a marital couple has only one interest, and thus nothing could be gained by allowing a spouse to testify for or against the other; (3) a spouse has a ‘bias of affection’ and would not testify truthfully; (4) allowing testimony might disturb the marital peace; and (5) if a wife is a witness for her husband, she ‘must be subjected to a cross-examination which might call for truths unfavorable to his cause’ and result in marital disharmony.” Gallagher v. Goldstein, 402 Mass. 457, 460 (1988), citing 2 J. Wigmore, Evidence §601 (Chadbourn rev. 1979).
Several jurisdictions outside of Massachusetts do not include within the marital disqualification communications that relate to ordinary business transactions. The rational for not including such communications is that they are neither made in reliance upon or induced by the marital relationship. Whether a particular communication is privileged often depends upon its nature and character and the circumstances upon which it was said. In G-Fours, Inc. v. Miele, 496 F.2d 809 (1974), plaintiffs sought to question a wife concerning her husband’s assets. The wife claimed her marital privilege based upon N.Y.C.P.L.R. §4502(b).[1] The Court of Appeals upheld the District Court’s finding that the information was not confidential because it related solely to “ordinaxy business conversations with her husband.” G-Fours, Inc., 496 F.2d at 811.
In Commonwealth v. Darush, 279 Pa.Super. 140 (1979), the Superior Court of Pennsylvania found that the marital privilege did not apply to a wife’s conversation with her husband about a third person’s atten *482 dance at a showing of a film. The court found that the privilege did not extend to ordinary daily exchanges between spouses. Id. at 149. In State v. Curtis, 334 S.W.2d 757, 763 (1960), the Missouri Court ofAppeals stated a person asserting the marital privilege has the burden of showing circumstances which make a communication concerning a purely business transaction privileged.
In Massachusetts, however, the marital disqualification has generally been applied even to business conversations between husband and wife that are not of a confidential nature. P.J. Liacos, Massachusetts Evidence 179-82 (6th ed. 1994). Commonwealth v. Hayes, 145 Mass. 289, 293 (1887) (the disqualification is not confined to conversations upon subjects which are confidential in their nature, and it includes conversations between them relating to business done by one as agent of the other). But there are exceptions to the marital disqualification. For example, the marital disqualification does not apply in circumstances where communications are made at a time when both husband and wife are jointly engaged in criminal activity. U.S. v. Mavroules, 813 F.Supp. 115 (D.Mass 1993). Also, in some circumstances, where a conversation is significant to a criminal defendant’s case, the defendant’s “constitutional rights of confrontation and cross-examination and his right to a fair trial outweigh the application of the marital disqualification under G.L.c. 233, §20, and accordingly, the evidence should be admitted.” Commonwealth v. Sugrue, 34 Mass.App.Ct. 172 (1993).
In the present case, the court concludes that business communications between spouses acting solely in the capacity of employer and employee are not protected conversation under G.L.c. 233, §20. The court relies on the fact that when a conversation occurs in such circumstances, the marital relationship is only incidental to the employer-employee relationship. The two speakers, acting in their professional capacities, do not fit the terms “husband and wife” in an important sense. Moreover, excluding conversations made in an employer-employee relationship would not further most of the policy reasons behind the statute.[2] Therefore, G.L.c. 233, §20 does not disqualify purely business conversations made by husband and wife when they are acting as employer and employee and where their marital relationship is incidental to the conversation. That statute does not protect Eileen Barrera’s conversation with Dr. Barrera concerning Anderson’s pap smear test in January 1991.
ORDER
For the forgoing reasons, the plaintiffs Motion to Compel Deposition Testimony of Eileen Barrera is ALLOWED.

That statute provides: “A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage.” N.Y.C.P.L.R. §4502(b).

In fact, excluding business conversations between married couples in an employer-employee relationship may provide a perverse incentive to marry one’s coworker to protect such conversations.