STATE OF MAINE

YORK, ss.

KEVIN GRIMES,

      Plaintiff

     v.                 ORDER

TOWN OF WELLS, et al.,

      Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-086

GAB-YOR - 6/16/2000

DONALD L. GARBRECHT
LAW LIBRARY

JUN 19 2000

Following hearing, and review of the administrative record and the memoranda of counsel, Mr. Grimes Rule 80B appeal is Granted.

At issue is a proposed 56-unit condominium project known as "Spinnaker Ridge". The proposal involves a 35 acre parcel off Old County Road in Wells. The parcel is bisected by a zoning district boundary line. Approximately 22+ acres of the parcel is within a Residential A Zone which has a density standard of a minimum of 20,000 square feet of net area[1] per dwelling unit. Approximately 13+ acres of the parcel is within a Rural Zone which has a density standard of a minimum of 40,000 square feet of net area per dwelling unit. The proposal calls for all 56 units to be located within that portion of the parcel in the Residential A Zone. This would clearly violate the Residential A Zone density standard if only the 22+ acres of the parcel within that zone are considered. To avoid that result the Planning Board authorized the developer to "borrow" the potential development rights from the

---

[1] The parties also dispute the calculation of "net area" as applicable to the project. It is unnecessary to decide that issue.

13+ acres[2] in the Rural Zone and "transfer" them to the 22+ acres in the Residential A Zone. Using this approach, the Planning Board determined that the project met the density requirements of the ordinance (again, putting aside the dispute concerning "net area").

The developer and the town argue that the approach taken by the Planning Board is consistent with sound land use planning. It concentrates development in a residential zone, avoids development sprawl and preserves open space. Mr. Grimes acknowledges this much, but correctly points out that, no matter how well intentioned, the Planning Board is not authorized to make the town's zoning law. The difficulty with the approach taken by the Planning Board is that it is not expressly permitted under the town's ordinances.

Perhaps the closest Maine case on point is *Town of Kittery v. White*, 435 A.2d 405 (Me. 1981). *White* stands for the principal that development on each portion of a "split-lot" must comply with the restrictions imposed upon the zone in which the development is located. As applied to the pending case, this means that development within the Residential A Zone must comply with the density standards imposed by that zone.

The entry will be as follows:

> Plaintiff's Rule 80B appeal is Granted; Planning Board
> decision vacated; case remanded.

---

2 This portion of the parcel would remain undeveloped to be used for recreational purposes by condominium owners.

The clerk may incorporate this order in the docket by reference.

Dated:       June 16, 2000

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
John C. Bannon, Esq.
MURRAY PLUMB AND MURRAY
PO Box 9785
Portland Me 04104-5085

DEFENDANT: TOWN OF WELLS
Catherine O'Connor, Esq.
BERGEN AND PARKINSON
62 Portland Rd
Kennebunk Me 04043-1647

DEFENDANT:      KASPRZAK CONDOMINIUMS INC
Kenneth Cole, Esq.
JENSEN BAIRD GARDNER AND HENRY
PO Box 4510
Portland Me   04112-4510

3