Parker, J.
It is agreed that no debt exists against this estate, for which an administration should be granted, unless this claim of Mr. Holden is to be so considered. But it appears to me that the aids furnished the widow of the testator by Mr. H. can in - no way constitute a legal demand on the estate. The letter of administration, therefore, issued improvidently, and the decree must be reversed.
Sewall, J., concurred.
Sedgwick, J.
Two cases only are pointed out, in the statute, which authorize the granting of an administration de bonis non; viz., debts due from the estate to the amount of five pounds or upwards, and personal estate of like value not administered. In the case before us, it is not pretended there is any personal estate of the deceased remaining to be administered. Are there debts due from the estate to the amount required in the statute ? To show that there are, a clause in the will is. produced, which authorizes an executor to sell land, if necessary to the comfortable support of the testator’s widow. It is agreed that the case in the will really happened, i. e., that, through age or sickness, the specific provision made for her in the will became insufficient, and that the present appellee furnished her with the aids necessary to her comfortable support. Is this, then, a foundation of a legal claim on the estate of the testator ? I am clearly of opinion that it is not. No action would have laid against the executors. The clause in the will, which is relied upon, created a mere personal trust in the executor, which ceased at his death. I think the decree must be reversed.
*164 * Parsons, C. J.
The decision of this question must turn on a single point, viz., whether there was personal estate of the value of five pounds, or debts due from the estate of a like amount. One of these must be true, or the statute forbids an administration de bonis non to be granted. No personal estate is pretended in this case ; but it is attempted to show a debt due under a clause in the will making provision for the testator’s widow, in the event that the provisions previously made should prove insufficient. It is agreed that she needed the aids intended her, and that the appellee furnished them. But it is very clear that the authority given by this clause to one of the executors to sell land for the particular purpose, cannot support an action at law, as for a debt due from the testator. It was a mere personal trust originating in the will. Had we a court of chancery, there might have been power to enforce the execution of the trust, and perhaps an action might have lain against the executor while living. But it is enough for the present purpose, that this can in no sense be considered as a legal demand on the estate of the testator as for a debt due from him.
The .statute authorizes an administration de bonis non on the oath of the party applying; but this is not conclusive evidence either with the judge of probate, or with this Court upon the appeal. The decree is reversed. (a)

Costs for the appellants. 
(b)

 Vide Stat. March, 1784, § ]0, 1817, c. 190, § 17.

 The decree of the judge of probate was made August 6, and the appeal was claimed September 5. A question arose whether the claim was made within “ one month,” as the statute requires.
The Chief Justice said it had been settled that, by month, in the statute, is intended a calendar month, (c) — Reporter.

 Avery vs. Pixley & Al. 4 Mass. Rep. 460.— Commonwealth vs. Chambre, 4 Dall. 144. — Moore vs. Houston, 3 S. & R. 169. — Kimball vs. Lamson, 2 Vern. R. 138. — Cooke vs. Shute, Cooke, 67. — Sed vide Co. Lit. 131.—2 Bl. Com. 141,— Leffingwell vs. Pierpont, 1 Johns. Cas. 99. — Loring vs. Halling, 15 Johns. 119. — Lacon vs. Hooper, 6 D. & E. 226. — 1 Esp. R. 249. — Jackson vs. Clark, 7 Johns. 217. — King vs. Adderly, Doug. 463. — Glassington vs. Rawlins, 3 East, 407.—Talbot vs. Linfield, Bl. R. 450. — 3 Burr. 1455. — Lang vs. Gale, 1 M. & S. 111. — Jocelyn vs. Hawkins, 1 Str. 446. — Thomas vs. Popham, Dyer, 2186. — Bishop of Peterborough vs. Catesby, Cro. Jac. 166. — Barsdale vs. Morgan, 4 mod. 185. — Hurd vs. Leach, 5 Esp. 167.— Crooke vs. M’Tavish, 1 Bingh. 307. — Dormer vs. Smith, Cro. Eliz. 835.—2 Rolle, Abr. Temps, (c) p. 521. — Litt. Rep. 19. — King vs. Packham, Carth. 406. — 2 Roll. R. 179. — Dixie's case, 1 Leon. 96. — Catesby's case, 6 Coke, 61, b. — Sharp vs. Hubbard, 2 Mod. 58. — Lutw. 461. — Cockell vs. Gray, 6 Moore, 483. — S. C. 3 Br. & B. 186. But in ecclesiastical and mercantile matters, calendar months shall be in tended.—2 Mod. 58.-6 Co. 71. — Cro. Jac. 141. —160 Jenk. 282.— Yeh. 100. — Skin. 313 — 1 Str. 652—3 Br. & Bing. 186. — Bayley on Bills, 113, ed. 1811.