The opinion of the Court was afterwards delivered by
Sewall, J.
The exceptions in this case present two questions: —
1. Whether the statement in the hand-writing of the plaintiff’s intestate, purporting to be his account against the defendant, a copy *400 of which is annexed to the plaintiff’s writ, was competent evidence for the consideration of the jury, and properly admitted at the trial; and,
2. Whether, if competent to any purpose, it was not plainly incompetent as to certain items, particularly ■ the charge of rent, payments to order, &c.; and whether, therefore, the jury ought not to have been cautioned against allowing these items in their verdict.
In actions of assumpsit for articles delivered, or for work and labor performed, the admission of proof by the book of the plaintiff himself, appearing to be in his own hand-writing, and supported by his supplementary oath, is a practice, in the extent to which it has been carried, peculiar to New England, if not confined to this state. But it is a practice which has been long established, and seems to have arisen upon the most reasonable grounds, out of the necessity of the case, and a conformity to the actual state of things.
There are, however, obvious difficulties and hazards attending this mode of proof; and it ought not to be extended by any new precedent. Every memorandum of a shopkeeper or laborer is not to be admitted as his book. It is essential to this kind of evidence that the charges, appearing in the hand-writing of the party, are in such a state that they may be presumed to have been his daily minutes of his business and transactions, in which regard is had to the degree of education of the party, the nature of his employment, and to the manner of his charges against other persons. Where this appearance is wanting, and the presumption cannot be made, tire evidence has been usually rejected as incompetent. [ *458 ] * And when, having this appearance, a plaintiff’s books or memorandums are admitted, the evidence remains liable to every objection, which may be suggested, from unfair appearances in the statement of the particular account in issue, or from the whole book or minutes taken together, and which naturally affect the credibility of the evidence.
In the present case, the statement left with Mr. Nelson has no appearance of daily minutes kept by the intestate in the usual course of his business. The paper has every appearance of an account drawn out, and contains charges or entries of articles delivered at different times in a period of nearly two years, and respects the defendant only; although the intestate kept a shop, in which he was making daily sales. And the paper is dated at the foot, which is generally understood to ascertain the time when an account is dz-awn out, more than a year after the date given by it to the latest transaction entered. It seems to me, therefore, very difficult, if not impossible, to presume the paper admitted as evidence in this trial to *401 have been the intestate’s original and daily minutes of his transactions with the defendant. If it was not this, it was no evidence in itself, by any rule or practice that I am acquainted with.
But it is supposed to have.been admissible with the further proof, intended to show that the intestate’s books, from which this statement might have been copied, had been burnt and destroyed by accident, and from the necessity of the case.
If the proof in this case had extended to show that the items of this account had actually existed in the intestate’s shop-book, where his daily transactions were minuted, and that the transcript offered had been truly taken therefrom, I should have no doubt of the admissibility of a transcript thus compared and proved, upon the ground of necessity, and that it was the best evidence which the case admitted, under all the circumstances. But there is no evidence to this purpose; and although, perhaps, the paper admitted was the best evidence which can be procured in the present case, yet this mere statement of an account (and the paper, I apprehend, *is nothing more) is, in itself, no evidence or means [ * 459 ] of proof.
Upon the second question there can be no doubt; for whether original minutes, or a proof admissible by necessity, it can have no application, and is wholly incompetent to prove the charges of cash paid to third persons by order, and of the rent of certain marshes. For of these items no book or memorandum of the intestate ever was, or could be, evidence; and, with all the accidents which have befallen this demand, better proof of those items, if true, may still be had. Upon this ground, therefore, that the jury ought to have been cautioned against allowing these items, and they would have been if they had been distinctly noticed at the trial, there must be a new trial, whatever had been our opinion upon the more general question, which I'have briefly considered, (a)

New trial granted.

 [Smith vs. Sanford) 12 Pick. 139. — Holmes vs. Marden, 12 Pick. 169. — Faum vs. Hollis, 13 Mass. Rep. 427.— Welsh vs. Barrett, 15 Mass. Rep. 380. — Cogswell vs Dolliver 2 Mass. Rep. 217. — The Union Bank vs. Knapp, 3 Pick. 109. — Frye vs. Barker, 2 Pick. 65. — Burns vs. Fay, 14 Pick. 8. — Ed.]