## Asaph Churchill *versus* The President &c. of the Merchants' Bank.

'n assumpsit on a bank bill, the declaration alleged, that the bank, by their note of hand, commonly called a bank bill, (not saying that it was signed by the president and cashier, according to the statute,) for value received promise to pay M. M. or bearer on demand &c. (naming the sum,) and that on &c. the plaintiff was the true and lawful bearer and justly entitled to demand and receive payment of the bill, (not saying that he was the owner,) and that on &c. he caused the bill to be presented at the usual place of business of said banking incorporation and within the usual hours of their doing business, and payment of said bill to be of them requested, (not saying that that payment was demanded of the cashier or paying teller,) which payment the said president, directors and company of the bank then and there refused to make, by means of all which, and of the statute, &c. the defendants became liable and promised to pay the plaintiff the said sum and interest therefor, at the rate of two dollars for each hundred dollars and for each month from the time of the refusal to pay, (not saying for each calendar month, and the words of the statute being " at the rate of twenty-four per cent a year.") *Held,* that the declaration was sufficient.

ASSUMPSIT.   The declaration alleged, that "the said Merchants' bank, on the 8th of January, 1835, by their note of hand commonly called a bank bill, for value received promised to pay M. Morton or bearer on demand $100 ; and also &c. (describing in like manner two other bills, each for $100.) And the said Churchill avers, that on the 23d of June instant (1837) he was the true and lawful bearer of the three aforementioned notes or bank bills and justly entitled to demand and receive payment of said notes or bills, and that on said 23d day of said June he did cause said notes or bills to be presented at the usual place of business of said banking incorporation, and within the usual hours of their doing business, and payment of said three notes or bills to be of them requested, which payment the said president, directors and company of the Merchants' bank then and there refused to make, by means of all which and of the law or statute in such case made and provided, the said president &c. of the Merchants' bank became liable and promised the said Churchill to pay him the said $300, and interest therefor at the rate of two dollars for each hundred dollars and for each month from the said 23d of June."

The defendants demurred.

*Nov. 4th.*        *Atwood,* in support of the demurrer, cited *Williams* v.

*Hingham &c. Turnp. Corp.* 4 Pick. 345, and cases there cited ; Com. Dig. *Pleader, C* 76 ; *Bank of Utica* v. *Magher*, 18 Johns. R. 341.

*Churchill, pro se.*

DEWEY J. pronounced the opinion of the Court. The legislature of this Commonwealth, by the recent statute abolishing special demurrers, have clearly indicated their views as to the inexpediency of permitting technical objections to arrest the progress of a suit at law. In furtherance of the same object, they have, by the Revised Statutes, *c.* 81, § 10, enjoined it upon this Court to make such rules and regulations as to practice, as shall simplify and shorten pleadings. The only demurrer which by our law can be filed to a declaration, is a general demurrer. This raises no question of mere form, but presents the case upon the substantial merits as disclosed by the declaration, and whenever there is sufficient matter substantially alleged, the action will be sustained.

Several objections were urged against the sufficiency of the declaration in the present case.

1. It is said, that it does not set forth any legal promise on the part of the defendants, inasmuch as it does not allege that the bank notes for the recovery of which this action is brought, were signed by the president and cashier of the bank in the manner required by the statute. Revised Stat. *c.* 36, § 55.

To this objection it may be replied, that it is never necessary that the declaration should correspond with the precise words of the instrument or contract upon which the cause of action arises, but it is always proper and often necessary to declare on a written promise according to its legal effect.

A contract by a banking corporation must of course be executed by its lawful agents ; as a corporation, from its very nature, can act in no other mode. Acts legally performed by such agents are to all purposes acts of the corporation, and may in pleading be so alleged. In declaring upon a common promissory note, it is not necessary to allege that it was subscribed by the defendant, or that it is in writing, but the general averment that the defendant, by his note of hand, promised to pay the plaintiff, is held sufficient. Whether the contract declared on is executed in a legal manner, is always open to

45*

inquiry under the proper issue, and in the present case, on an issue to the jury, there would be a defect in the proof necessary to sustain the action, if the bank notes are not under the signatures of the proper officers, as required by the statute.

2. It is objected that the plaintiff shows no right of action in imself as the holder of the bank notes, he not alleging a continuance of the possession of them in himself, or any liability to him as bearer, and a promise in consideration thereof to pay him the same. We do not think this objection can prevail. It would seem quite sufficient to allege, that the plaintiff is the true and lawful bearer of the notes and justly entitled to demand and receive payment of the same. In *Dole* v. *Weeks*, 4 Mass. R. 452, a declaration on a promissory note to A. or bearer, and alleging the plaintiff to be the bearer, without any allegation of liability to the plaintiff as bearer, or any promise to pay him, was held good on a general demurrer.

3. It is further objected, that there is no such allegation of a demand of payment of these notes in specie, as is required by the statute. This objection rests upon the provision of the Revised Statutes, c. 36, § 29. The allegation in the declaration is, that " the bills were presented at the usual place of business of the said banking incorporation, and within the usual hours of their doing business, and payment of said bill of them requested, which payment the said president, directors and company of the Merchants' bank then and there refused to make."

Is this allegation substantially an averment of " a refusal or delay of payment by the officers of the bank " ? We think that it is. If issue had been taken on this allegation, the plaintiff would have been required to prove a demand upon the banking corporation, and payment refused by them ; but, as was before suggested, a corporation can only act through its proper officers, and proof of a demand and a refusal by the corporation, must necessarily have shown a demand on the proper officers of the bank and a refusal by them. Nothing less than this would have supported the allegation in the declaration, and the rights of the defendants on this point are fully secured to them by the declaration in its present form.

4. It is also said that this declaration is substantially bad,

because t alleges that the defendants, by their refusal to pay the notes in specie, became liable to pay the plaintiff interest on the same at the rate of two dollars for each hundred dollars for each month from the time of the refusal. The ground of this objection, as stated in the argument, is, that the allegation of liability to pay interest at the rate of two per cent a month necessarily means two per cent for each lunar month, and that this would exceed the rate of twenty-four per cent a year as is provided by the statute.

If it could be properly assumed that the term month *ex vi termini* signified a lunar month, the variance between the declaration and the provisions of the statute would be very obvious.

In England the term " month," when used in statutes or in pleading, signifies a lunar month ; but in this Commonwealth it is otherwise. As a legal phrase, a month is here considered as a calendar month. Such is the construction in mercantile contracts, and in all legal proceedings. Such was the construction given to it .by this Court, in *Hunt* v. *Holden*, 2 Mass. R. 170, note, and *Avery* v. *Pixley*, 4 Mass. R. 460 ; and such has now become the statute definition of it. Revised Stat. *c.* 2, § 6.

Upon a consideration of the several objections presented by the defendants, the Court are of opinion that there is sufficient matter substantially alleged in the declaration to entitle the plaintiff to maintain his action.

*Judgment for the plaintiff.*