F. CLEMENT CROSBY ET AL. V. JOHN C. CROSBY ET AL.

INTENTION TO REVOKE WILL PRESUMED FROM ERASURE OF TESTATOR'S NAME.

Where a will, after its execution, remains in the possession of the testator until his death, at which time it is found among his papers with his name erased, the presumption is, that the testator erased his name, and that he did so with the intention of revoking it.

[For other cases in point, see 7 Cyc. Dig., "Wills," §§ 138-162.—Ed.]

[Syllabus by the court.]

ERROR to Ashtabula common pleas court.

**B. A. Rickard** and **Hoyt, Munsel & Hall,** for plaintiffs in error.

**Calvin, Hogue, Goddard & Starkey,** for defendants in error.

COOK, J.

The action below was the contest of a will. The principal ground of contest was, that the testator intentionally revoked the will before his death by canceling and obliterating the same.

The will was in the testator's possession after its execution and

### Crosby v. Crosby.

after his death it was found among his papers with the name entirely erased and there was some evidence tending to show that the testator erased his name but for what purpose is not entirely clear. On the part of the proponents of the will it is claimed it was done only for the purpose of making his name more definite and that it was done before the execution of the will, while by the contestants it was claimed that it was done after the execution of the will and with the intention of revoking it.

The first name of the testator was originally signed by him with his initial; this was entirely erased and his name signed in full about an inch below the original signature, with indication that something had been written between the original signature and the subsequent one which had also been obliterated.

The evidence is very conflicting upon the question as to how the erasure of the original name came to be made, whether it was done for the purpose of simply correcting the signature and before execution or whether it was done with the intention of revoking the will.

The jury found it was done with the intention of revoking it and we feel the jury was fully justified in so finding and the trial court in confirming the verdict.

The important question in the case, however, is upon the charge of the court. The court charged the jury that if they should find that the will remained in the possession of the testator from the time of its execution until his death, then it would be presumed that the testator himself erased his name and that he did so with the intention of revoking the will. Was this correct?

While, so far as we are aware, there is no case in Ohio directly bearing upon this question, yet many decisions in other states support the charge of the court and we think the charge was correct.

In the case of *Smock v. Smock*, 11 N. J. Eq. (3 Stockt.) 156, it was held:

"1. A writing sought to be established and proved as the last will of decedent, was executed by him as his will in due form of law, in 1846. After testator's death in ——, it was found, on the day of his funeral, by his widow and two of his sons, in a private desk of decedent. It was wrapped up in a newspaper. The name of testator and the seal were cut off with a sharp instrument, leaving only the letter B— the first letter of testator's name—partly remaining: *Held*, that the testator is presumed to have done the act, and that the law further presumes he did it *animo revocandi.*"

In the opinion of the chancellor it is said, page 162:

"The will was in the custody of the testator during his life, and

upon his death it was found among his depositories, canceled, with his name and seal cut off. Under such circumstances, the testator himself is presumed to have done the act, and the law further presumes that he did it *animo revocandi.* 1 Williams, Exrs. & Admrs. 78. In a late case, decided in the prerogative court (afterwards taken up on appeal to the delegates, where the decision below was affirmed), a will was found in the repositories of the deceased, and it appeared that some one had carefully cut out, apparently with the scissors, the whole of the instrument from its marginal frame; the attestation clause was also cut through, but no other part of the writing; and it was held that the court was bound to construe the act as one done by the testatrix for the purpose of canceling, revoking, or destroying the validity of the instrument, and consequently that it was thereby revoked. *Moore* v. *Moore,* 1 Phillim. 375; 1 Williams, Exrs. & Admrs. 74. The same principle will be found established by the following cases: *Freeman* v. *Gibbons,* 2 Hagg. Ecc. 328; *Bumgarten* v. *Pratt,* 2 Hagg. Ecc. 329; *Richard* v. *Mumford,* 2 Phillim. 23; *Loxley* v. *Jackson,* 3 Phillim. 126; *Wilson* v. *Wilson,* 3 Phillim. 552; *Davis* v. *Davis,* 2 Add. Ecc. 223; *Colvin* v. *Frazer,* 2 Hagg. Ecc. 266; *Holland* v. *Ferris,* 2 Bradf. (N. Y.) 334; *Bulkley* v. *Redmond,* 2 Bradf. (N. Y.) 281, 282; *Betts* v. *Jackson,* 6 Wend. 173, 180.''

In *White, In re,* 25 N. J. Eq. 501, it is held:

''The tearing out of the seal affixed to a will, and of part of the testator's signature, and the obliteration of the rest of his name and of the names of the witnesses, are a cancellation of the will.

''From the finding of a will in testator's box thus canceled, the presumption arises that the cancellation was his act, done *animo cancellandi,* and that, by that act, he intended to render the will null and void.

In the opinion it is said:

''The will bears clear evidence of the intention to revoke it. The tearing out of the seal and of part of the signature of the testatrix, and the obliteration of the names signed to the will, are a cancellation of the will. *Avery* v. *Pixley,* 4 Mass. 460; *Hobbs* v. *Knight,* 1 Curteis 768; *Goods of James,* 7 Jur. N. S. 52; *Price* v. *Powell,* 3 H. & N. 341; *Smock* v. *Smock,* 11 N. J. Eq. (3 Stockt.) 156. And from the fact that the will was found in the possession of the testatrix, in her repository, thus canceled, the presumption arises that the cancellation was her act, done *animo cancellandi,* and that, by that act, she intended to render the will null and void. *Smock* v. *Smock, supra;* 4 Kent's Commentaries 532; *Davies* v. *Davies,* 1 Lee 444; *Lambell* v. *Lambell,* 3 Hagg. 568; *Baptist Church* v. *Robbarts,* 2 Pa. St. (2 Barr) 110.''

Judgment of court of common pleas affirmed.