## PRESUMPTION AS TO CANCELLATION OF WILL.

Circuit Court of Ashtabula County.

F. Clement Crosby et al v. John C. Crosby et al.

Decided, January Term, 1907.

*Wills—Contest of—Obliteration of Signature of Testator—As to Whether It was Done with the Intention of Cancelling the Will—Presumption that the Testator Acted Animo Revocandi, When.*

Where a will after its execution remains in the possession of the testator until his death, at which time it is found among his papers with his name erased, the presumption is that the testator erased his name, and that he did so with the intention of revoking the will.

Cook, J.; Burrows, J., and Laubie, J., concur.

Error to Ashtabula Common Pleas Court.

The action below was the contest of a will. The principal ground of contest was that the testator intentionally revoked the will before his death by cancelling and obliterating the same.

The will was in the testator's possession after its execution, and after his death it was found among his papers with the name entirely erased, and there was some evidence tending to show that the testator erased his name, but for what purpose is not entirely clear. On the part of the proponents of the will it is claimed it was done only for the purpose of making his name more definite, and that it was done before the execution of the will; while by the contestants it was claimed that it was done after the execution of the will, and with the intention of revoking it.

The first name of the testator was originally signed by him with his initial; this was entirely erased and his name signed in full about an inch below the original signature, with indication that something had been written between the original signature and the subsequent one which had also been obliterated.

The evidence is very conflicting upon the question as to how the erasure of the original name came to be made, whether it was done for the purpose of simply correcting the signature and be-

fore execution, or·whether it was done with the intention of re-
voking the will.

The jury found it was done with the intention of revoking it
and we feel the jury was fully justified in so finding and the
trial court in confirming the verdict.

The important question in the case, however, is upon the charge
of the court. The court charged the jury that if they should
find that the will remained in the possession of the testator from
the time of its execution until his death, then it would be pre-
sumed that the testator himself erased his name, and that he did
so with the intention of revoking the will. Was this correct?

While, so far as we are aware, there is no case in Ohio directly
bearing upon this question, yet many decisions in other states
support the charge of the court, and we think the charge was cor-
rect.

In the case of *Smock* v. *Smock,* 11 New Jersey Equity Reports,
156, it was held:

"1. A writing sought to be established and proved as the last
will of decedent, was executed by him as his will in due form of
law in 1846. After testator's death in ——, it was found, on
the day of his funeral, by his widow and two of his sons, in a
private desk of decedent. It was wrapped up in a newspaper.
The name of testator and the seal were cut off with a sharp in-
strument, leaving only the letter B—the first letter of testator's
name—partly remaining. *Held*: That the testator is presumed
to have done the act, and that the law further presumes he did
it *animo revocandi.*"

In the opinion of the chancellor it is said:

"The will was in the custody of the testator during his life,
and upon his death it was found among his depositories, can-
celed, with his name and seal cut off. Under such circumstances,
the testator himself is presumed to have done the act, and the
law further presumes that he did it *animo revocandi* (1 Williams
on Ex., 78). In a late case, decided in the prerogative court
(afterwards taken up on appeal to the Delegates, where the de-
cision below was affirmed), a will was found in the repositories
of the deceased, and it appeared that some one had carefully cut
out, apparently with the scissors, the whole of the instrument
from its marginal frame; the attestation clause was also  cut
through, but no other part of the writing; and it was held that

the court was bound to construe the act as one done by the testatrix for the purpose of canceling, revoking, or destroying the validity of the instrument, and consequently that it was thereby revoked (*Moore* v. *Moore*, 1 Phillim, 375; 1 Williams on Ex., 74). The same principle will be found established by the following cases: *Freeman* v. *Gibbons*, 2 Hagg. Eccl. Rep., 328; *Bumgarten* v. *Pratt, Ib.*, 329; *Richards* v. *Mumford*, 2 Phillim Rep., 23; *Loxley* v. *Jackson*, 3 Phillim Rep., 126; *Wilson* v. *Wilson*, 3 Phillim Rep., 552; *Davies* v. *Davies*, 2 Add. Eccl. Rep., 223; *Colvin* v. *Frazer et al*, 2 Hagg. Eccl. Rep., 266; *Holland* v. *Ferris*, 2 Bradford's Rep., 334; *Bulkley* v. *Redmond, Ib.*, 282; 6 Wend., 180.''

In the matter of the probate of the will of Engelina S. White, deceased, 25 New Jersey Equity Reports, 501, it is held:

''The tearing out of the seal affixed to a will, and of part of the testator's signature, and the obliteration of the rest of his name and of the names of the witnesses, are a cancellation of the will.

''From the finding of a will in testator's box thus canceled, the presumption arises that the cancellation was his act, done *animo cancellandi*, and that, by that act, he intended to render the will null and void.''

In the opinion it is said:

''The will bears clear evidence of the intention to revoke it. The tearing out of the seal and of part of the signature of the testatrix, and the obliteration of the names signed to the will, are a cancellation of the will (*Avery* v. *Pixley*, 4 Mass., 460; *Hobbs* v. *Knight*, 1 Curties, 768; *Goods of James*, 7 Jur., N. S., 52; *Price* v. *Powell*, 3 H. & N., 341; *Smock* v. *Smock*, 3 Stockt., 156). And from the fact that the will was found in the possession of the testatrix, in her repository, thus canceled, the presumption arises that the cancellation was her act, done *animo cancellandi*, and that, by that act, she intended to render the will null and void. *Smock* v. *Smock, supra;* 4 Kent's Comm., 532; *Davies* v. *Davies*, 1 Lee, 444; *Lambell* v. *Lambell*, 3 Hagg., 568; *Baptist Church* v. *Robbarts*, 2 Barr, 110.''

Judgment of court of common pleas affirmed.
*Pickard, Hoyt, Munsel & Hall*, for plaintiffs in error.
*Calvin, Hogue, Goddard & Starkey*, for defendants in error.