MICHAEL J. ROSKO & others *vs.* CITY OF MARLBOROUGH.

Middlesex.   October 8, 1968. — December 10, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Zoning,* Validity, Spot zoning.

With respect to a certain locus situated between a new interstate highway and a street in a city, there was, on the facts, no invalidity in an amendment of the city's zoning ordinance rezoning as a limited industrial district a large area, of which the locus was a part and to the rest of which it was similar in character, abutting the new interstate highway and having access thereto.

PETITION filed in the Land Court on August 16, 1966.

The case was heard by *Hettrick,* J.

The case was submitted on briefs.

*J. Fleet Cowden* for the petitioners.

*William J. Brennan,* City Solicitor, *& Eugene L. Tougas* for the respondent.

REARDON, J.   This petition was brought in the Land Court under G. L. c. 185, § 1 (j½), and c. 240, § 14A, to test the validity of two amendments to the zoning ordinance

of Marlborough.   The parties filed stipulations on certain facts.   In his decision the judge found to be valid a zoning amendment adopted by the city council on March 27, 1967, and thereafter approved by the mayor.   Since this amendment superseded the first amendment complained of, the judge found the question of validity of that amendment moot.   The parties have not argued questions relating to the first amendment.   We therefore confine ourselves to a discussion of the second.

The petitioners own lots of land situated within a fifteen acre locus, itself part of a larger parcel of 327.1 acres situated west of and abutting Interstate Route 495 in Marlborough. This larger parcel and two others comprising approximately 115 and 355 acres respectively were included by the 1967 amendment in a newly created classification, "Limited Industrial District."   Within the locus were a number of single family houses and several lots where various business enterprises had been conducted for a period of years.   The locus lies between Route 495 and Felton Street which was designated as a boundary of the newly classified district on its west side.   Access is available from the southern end of the parcels to Route 495 and to Route 20.   In May of 1966 two of the owners of land in the locus, holding some seven acres, agreed after negotiations to sell their land to a manufacturing company.   The amendment followed a study conducted between November, 1965, and February, 1967, by a city planner who recommended the 1967 classification of the three parcels to the planning board on the ground that the land, situated as it was, lent itself "admirably for rezoning for limited industrial use" largely because of its proximity to the interchange of Routes 495 and 20.   The action recommended by the planning board was designed to implement the suggestions of the planner and was adopted by the city council.   The judge found that "a limited industrial district would tend to encourage the most appropriate use of the land in view of the fact that the land abuts a new interstate highway," that such use would tend to increase property valuations in the city and otherwise further its economic

advancement, and that Felton Street provided a good natural boundary of a "new district [that] had to stop somewhere," having in mind the residential nature of the development on the west side of Felton Street. The petitioners base their argument largely on a contention that this fifteen acre locus was included largely in the new district to satisfy the two landowners therein who wished to convey their land to a manufacturing firm for purposes of a factory.

"A zoning ordinance will be sustained unless it is shown that there is no substantial relation between it and the furtherance of any of the general objects mentioned in the statute." *Lamarre* v. *Commissioner of Pub. Works of Fall River*, 324 Mass. 542, 545. The presumption is in favor of the ordinance and we will not refuse its enforcement unless there is a showing beyond reasonable doubt of conflict with the Constitution or the enabling statute. *Caires* v. *Building Commr. of Hingham*, 323 Mass. 589, 594. The judge has found in the face of the petitioners' principal argument that the character of the locus is "substantially similar to the remainder of the land" affected by the amendment. Findings of fact by the Land Court are ordinarily final. *Lund* v. *Cox*, 281 Mass. 484, 492. *Barney & Carey Co.* v. *Milton*, 324 Mass. 440, 449. The parties have stipulated that the amendment resulted from a long range study and a recommendation by the planning board. In rezoning it is elementary that officials may consider the good of the whole town or city and future prospects as well as present uses. *Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633. *Cohen* v. *Lynn*, 333 Mass. 699, 704. See *Peters* v. *Westfield*, 353 Mass. 635. It is true that a particular parcel cannot be singled out from a similar area and rezoned differently from the rest of the area. *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248. *Caputo* v. *Board of Appeals of Somerville*, 331 Mass. 547. *Shapiro* v. *Cambridge*, 340 Mass. 652. However, in this instance the locus has been rezoned in conjunction with the rezoning of a far larger area. The local authorities are given great discretion in determining the boundary line of such a zone, and if there be reasonable

doubt about it their decision will stand. *Tracy* v. *Board of Appeals of Marblehead*, 339 Mass. 205, 208. As was said in *Cohen* v. *Lynn*, 333 Mass. 699, 704, "The new district had to stop somewhere and it was a matter of legislative discretion how much of the adjacent general residence district to include in the new district." This is essentially a case of the determination of a boundary line rather than the redistricting of a smaller parcel within similar land to a different zone. It was quite reasonable to designate Felton Street as that boundary. Nor is there merit in the petitioners' argument that no change of significance has been made in the area since the original zoning. "Such a factor, while relevant, is not controlling." *Raymond* v. *Commissioner of Pub. Works of Lowell*, 333 Mass. 410, 413. There was no error.

*Decision affirmed.*