HUGH C. CRALL & others *vs.* CITY OF LEOMINSTER & others.

Worcester.   October 7, 1971. — June 5, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSY, JJ.

*Zoning,* Amendment of by-law or ordinance, Validity, Spot zoning. *Notice. Time. Evidence,* Presumptions and burden of proof. *Land Court,* Exceptions: what questions open. *Words,* "Week."

Publication of notices of public hearings on proposed zoning amendments for a city by its planning board on a Saturday and the following Monday, and by its city council on a Thursday and the following Monday, each met the requirement of publication "once in each of two successive weeks" set forth in G. L. c. 40A, § 6, as amended [97–99]; and a description in the planning board notices giving the general location of the parcel to be rezoned and referring to a petition and plan containing a detailed description thereof on file in the planning board office satisfied the requirement of c. 40A, § 6, that the notices specify the "subject matter, sufficient for identification" on which the hearing is to be held [99–100].

Reaffirmation of rules and cases which limit the scope of judicial review of zoning by-laws and ordinances and which declare the presumption of the validity thereof. [100–103]

In a suit in equity by landowners abutting or near a large area in a city seeking a determination that a zoning amendment reclassifying the area from "Rural Residence and Agricultural" to "Industrial" was invalid as spot zoning, where the judge's conclusions that "the reasonableness" of the amendment was "fairly debatable" and that

therefore it "must be sustained" were based in part on oral testimony, an exception that "on all evidence, a decision in favor of the petitioners is required as a matter of law" was overruled by this court. [103–104]

A brief cannot be used to place before this court alleged facts which were not presented to the trial court. [105–106]

On the record and background of a suit in equity challenging the validity of a zoning amendment reclassifying a large area in a city, this court overruled exceptions of the petitioners, abutting or nearby landowners, based on allowance of the respondents' motion to strike all references in the petition to G. L. c. 268A, which were pointed at alleged conflict of interest by unnamed respondent city councillors, where such references were merely argumentative conclusions of law without allegation of any factual basis [104–106]; this court declined to decide whether the petitioners had a right under c. 268A, § 21 (a), to relief with respect to the action taken by the city council [106–107].

BILL IN EQUITY filed in the Land Court on November 13, 1969.

The case was heard by *Silverio*, J.

*Julian J. D'Agostine* (*Charles G. Kadison, Jr.*, with him) for the petitioners.

*Henry P. Grady* (*John M. O'Connor* with him) for the respondents.

QUIRICO, J. This is a petition brought under G. L. c. 240, § 14A, inserted by St. 1934, c. 263, § 2, and entered in the Land Court under G. L. c. 185, § 1 (j ½), inserted by St. 1934, c. 263, § 1, seeking a determination as to the validity of an amendment to the zoning ordinance of the city of Leominster. The amendment changed the classification of a tract of land consisting of approximately 270 acres (locus) from "Rural Residence and Agricultural" to "Industrial." The petitioners are thirty persons who own land either abutting the locus or located in its vicinity. The respondents are the city, its mayor, its building inspector, the members of its city council, five persons who are the owners of portions of the locus, and two corporations.[1]

---

[1] The corporations are Tucker Manufacturing Company and Digital Equipment Corporation. There is nothing in the record to show their relationship to this controversy. The petitioners discontinued as to "Digital Equipment Corporation, Inc."

The petitioners contend that the amendment is invalid for three reasons. They are: (1) the notices published by the planning board and the city council of the hearings held by them on the proposed amendment failed to comply with the requirements of G. L. c. 40A, § 6, inserted by St. 1954, c. 368, § 2, and amended through St. 1968, c. 194, (2) the reclassification of the locus "constitutes spot zoning," and (3) "one or more City Councilors may have violated . . . [G. L. c. 268A] in voting on the rezoning petition." The judge of the Land Court decided against the petitioners on the first two grounds. At the start of the trial he allowed a motion of the respondents to strike from the petition all references to G. L. c. 268A, thus eliminating the third ground. The case is before us on the petitioners' exceptions to these rulings.

The case was submitted to the judge of the Land Court for decision on the basis of (a) several written and oral agreements on certain but not all of the facts, (b) numerous exhibits including copies of petitions, published notices, records of proceedings before the planning board and city council, votes, maps, photographs and ordinances, and (c) the testimony of witnesses. All of the testimony and many of the exhibits applied solely to the issue of spot zoning. At the close of the evidence the judge took a view at the request of the parties.

*Notices of Public Hearings.* General Laws, c. 40A, § 6, inserted by St. 1954, c. 368, § 2, and amended through St. 1968, c. 194, prescribes in detail a number of steps prerequisite to the adoption or amendment of zoning ordinances or by-laws. Before the adoption or amendment of such an ordinance by a city there must be a public hearing before the planning board and then a second hearing before "the city council or a committee designated or appointed for the purpose." As to both such hearings the statute requires that "notice of the time and place of such hearing [before the planning board or] before the city council or committee thereof and of the subject matter, sufficient for identification,

shall be published in a newspaper of general circulation in the city once in each of two successive weeks, the first publication to be not less than fourteen days before the day of the hearing."

The planning board published notices in the Leominster Enterprise on Saturday, June 14, 1969, and Monday, June 16, 1969, that it would hold a public hearing on the proposed amendment on June 30, 1969. The city council published notices in the same newspaper on Thursday, August 14, 1969, and Monday, August 18, 1969, that it would hold a similar hearing on September 4, 1969. Both public hearings were held on the dates scheduled. The petitioners contend that because the first and second published notices for each of the two public hearings were separated by less than one full week, they did not constitute notice "in each of two successive weeks" within the meaning of § 6. The judge ruled against the petitioners on this contention. There was no error.

Admittedly the first notice for each hearing was published more than fourteen days before the hearing, and as to each hearing the two notices thereof were published in different calendar weeks. Although we have a statute (G. L. c. 4, § 7, Nineteenth), providing that " 'Month' shall mean a calendar month . . . and 'year', a calendar year," we have no such statute defining the word "week." Section 7 simply enacted the definition which several decisions of this court had previously given to the word "month." *Churchill* v. *Merchants' Bank*, 19 Pick. 532, 535. See *Hunt* v. *Holden*, 2 Mass. 168, 170, footnote; *Avery* v. *Pixley*, 4 Mass. 460, 461.

In *Bachelor* v. *Bachelor*, 1 Mass. 256, it was held that the requirement that an order of notice be published in a newspaper "three weeks successively" was satisfied by publication "first, in the paper of Saturday, June 30th — secondly, Saturday, July 7th, and thirdly, Wednesday, July 11th." In that case, as in the present case, the sufficiency of the publication was questioned "because there was not an interval of a week between . . .

[two of the] publications." One of the rules prescribed by G. L. c. 4, § 6, Third, for construing statutes is that "[w]ords and phrases shall be construed according to the common and approved usage of the language." With this statute and the *Bachelor* decision in mind, we hold that the words "two successive weeks" as used in G. L. c. 40A, § 6, mean two successive calendar weeks. The notices of the planning board and city council hearings met the statutory requirement in this regard.

The petitioners also contend that the notices published by the planning board failed to comply with the requirement of G. L. c. 40A, § 6, that they specify "the subject matter, sufficient for identification," on which the hearing was to be held.[2] The judge held that "[t]he notices . . . sufficed to alert interested parties with regard to the general area involved in the proposed zoning change." There was no error.

The planning board notices described the land sought to be rezoned as "the easterly end of the city, the vicinity of Rte. 2 and the town line of Lancaster — Lunenburg, more fully described on petition and plan on file in the Planning Board office." The petition and plan which were thus incorporated in the notice contained a detailed description of the locus by metes and bounds and were available for examination by interested persons. See Rathkopf, The Law of Zoning and Planning (3d ed.) c. 8, § 2, at 8–25, 8–26 and n. 29, and Supplement thereto, for a discussion of this practice of incorporation by reference.

The fact that the notices of the hearings before the city council repeated the detailed description of the locus as contained in the petition does not make the planning board notices insufficient. A number of our decisions

---

[2] The notices read as follows: "A public hearing will be held by the Planning Board in City Hall on Monday, June 30, 1969 at 7:30 P.M. on the petition of Digital Equipment Corp., et als, to rezone from 'Rural-Agricultural' to 'Industrial' the easterly end of the city, the vicinity of Rte. 2 and the town line of Lancaster–Lunenburg, more fully described on petition and plan on file in the Planning Board office."

have recognized that the function of the planning board is "preliminary and advisory only," that the board can "finally settle nothing," *Burlington* v. *Dunn*, 318 Mass. 216, 218, cert. den. sub nom. *Dunn* v. *Burlington*, 326 U. S. 739, and that regardless of the action of the board on such a petition, interested parties will have a further opportunity to be heard at a town meeting or at a public hearing held by the city council of a city or a committee thereof. *Hallenborg* v. *Town Clerk of Billerica*, 360 Mass. 513, 517–519, and cases cited.

Because we hold that the published notices of the hearing before the planning board satisfied the requirements of G. L. c. 40A, § 6, we do not reach the respondents' contentions that the petitions either admitted the validity of the notices or waived their invalidity by participating in the hearings. See *Pitman* v. *Medford*, 312 Mass. 618, 623. Compare *Gallagher* v. *Board of Appeals of Falmouth*, 351 Mass. 410, 414–415.

*Spot Zoning.* The petitioners contend that the reclassification of the locus constitutes spot zoning and therefore violates G. L. c. 40A, § 2, inserted by St. 1954, c. 368, § 2, as amended through St. 1959, c. 607, § 1. Section 2 states the purposes and objectives for which zoning ordinances and by-laws may be adopted. This issue is argued on the basis of the following statement in the petitioners' outline bill of exceptions: "Exception No. 1. Petitioners except under the provisions of Land Court Rule 6, to the decision of . . . [the judge] dated July 13, 1970, for the reason that, on all of the evidence, a decision in favor of petitioners is required as a matter of law." [3]

This is another in a seemingly unending line of cases which have been reaching this court since shortly after the enactment of St. 1920, c. 601 (see now G. L. c. 40A), authorizing municipalities to adopt zoning regulations,

_____

[3] Rule 6 of the Land Court provides that: "All proceedings shall be governed by the rules of the superior court as the same now are or may hereafter be established, so far as applicable. But no statement other than that contained in a bill of exceptions that a party excepts to an order, ruling or decision made in the absence of counsel, need be filed."

and in which we have been asked to declare such regulations or amendments thereto invalid as beyond the scope of the enabling statute.  The number of such cases seems disproportionately large in relation to the very narrow scope of the review available before this court on matters other than compliance with the statutory procedural requirements for municipal adoption or amendment of such regulations.

The first decisions by this court on this subject were by four opinions of Chief Justice Rugg on October 16, 1924, in the cases of *Inspector of Bldgs. of Lowell* v. *Stoklosa,* 250 Mass. 52, *Spector* v. *Building Inspector of Milton,* 250 Mass. 63, *Brett* v. *Building Commr. of Brookline,* 250 Mass. 73, and *Bamel* v. *Building Commr. of Brookline,* 250 Mass. 82.  In the first of those cases, we held, at p. 62, that municipal by-laws and ordinances of this type are subject to review by the courts to determine whether they represent a lawful exercise of the police power.  However, the scope of the judicial review of such by-laws and ordinances was limited by the following language at p. 79 of the decision in the third case of the same group: "The question to be decided is not whether we approve such a by-law.  It is whether we can pronounce it an unreasonable exercise of power having no rational relation to the public safety, public health or public morals."  This clear limitation of the scope of judicial review has since been consistently recognized and unwaveringly applied in every case involving this question.  We have said repeatedly that if the reasonableness of a zoning by-law or ordinance is fairly debatable, the judgment of the local legislative body responsible for the enactment must be sustained.[4]

Another rule which we have followed with equal con-

[4] The following excerpts from but a few of the many decisions on this subject will serve to illustrate this point.  In *Simon* v. *Needham,* 311 Mass. 560, we said, at 564: "If the question is fairly debatable we cannot substitute our judgment for that of the citizens who voted in favor of the amendment, and, whatever our personal opinions may be as to the wisdom of the amendment, we cannot pronounce the measure invalid."  In *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589,

sistency in the judicial review of municipal by-laws and ordinances is that every presumption is to be made in favor of their validity, and that their enforcement will not be refused unless it is shown beyond reasonable doubt that they conflict with the applicable enabling act or the Constitution. We applied that rule in the first decision of this court involving a zoning ordinance, viz. *Inspector of Bldgs. of Lowell* v. *Stoklosa,* 250 Mass. 52, 62, and in numerous subsequent cases.[5]

We have reviewed the above rules and cited cases illustrating their application to emphasize (a) the limitations which they impose on the scope of judicial review of municipal ordinances and by-laws, and (b) the fact

---

we said, at 594–595: "Where the reasonableness of a zoning by-law is fairly debatable, then the judgment of the local legislative body upon which rested the duty and responsibility for its enactment must be sustained. . . . Indeed, it has been said that the necessity for legislation, like questions of expediency and the wisdom of an enactment, lie outside the judicial realm." In *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, we said, at 116–117: "As to the wisdom of . . . [the policy of the zoning ordinance] there may be differing opinions. But the fact that the question is debatable does not empower a court to substitute its judgment for that of the legislative body. . . . Zoning has always been treated as a local matter and much weight must be accorded to the judgment of the local legislative body, since it is familiar with local conditions." In *Cohen* v. *Lynn,* 333 Mass. 699, we said, at 705: "The fact that the question is debatable does not empower the court to substitute its judgment." In *Tracy* v. *Board of Appeals of Marblehead,* 339 Mass. 205, we said, at 208: "It often is difficult to draw the line between neighborhoods that should be devoted to different uses, and where there is room for reasonable doubt the judgment of the local authorities should prevail. . . . A by-law will not be held void merely because judges differ from the town meeting on matters of expediency." In *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, we said, at 228: "In debatable cases the court will not substitute its judgment for that of the town." In *Addison-Wesley Publishing Co. Inc.* v. *Reading,* 354 Mass. 181, we said, at 185: "We are not to substitute our judgment for that of the town meeting where the reasonableness of a zoning by-law is fairly debatable." In *Rosko* v. *Marlborough,* 355 Mass. 51, we said, at 53–54: "The local authorities are given great discretion in determining the boundary line of such a zone, and if there be reasonable doubt about it their decision will stand."

[5] The following are a few of the cases in which this rule was applied to municipal zoning by-laws or ordinances: *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594–595. *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, 117. *Cohen* v. *Lynn,* 333 Mass. 699, 705. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228. *Rousseau* v. *Building Inspector of Framingham,* 349 Mass. 31, 35. *Addison-Wesley Publishing Co. Inc.* v. *Reading,* 354 Mass. 181, 185. *Rosko* v. *Marlborough,* 355 Mass. 51, 53.

that there has been no relaxation of the rules and that none is contemplated. An understanding of the rules and their limitations may help reduce the increasing volume of cases in which this court is being asked to decide nonjusticiable questions, particularly with reference to zoning.

With these rules of law in mind, we return to the consideration of the petitioners' specific claim that the amendment reclassifying the locus is invalid as spot zoning. They have the burden of proof on this issue. To sustain that burden they must prove facts which compel a conclusion that the question whether the amendment falls within the enabling statute is not even fairly debatable. They recognize this by their claim in exception No. 1 that "on all of the evidence, a decision in favor of petitioners is required as a matter of law." This is a claim that as matter of law they have sustained that heavy burden.

In support of their claim the petitioners rely in large part on the oral testimony of witnesses. Each side called a municipal planning expert as a witness. The expert for the petitioners testified that in his opinion the best use for the locus was "for the highest class of residential homes." The expert for the respondents testified that in his opinion the reclassification of the locus "from rural residential to industrial . . . was in the best interest of the city as a whole by virtue of the unique quality of the site." Each expert also gave testimony about (a) his qualifications in the field of municipal planning, (b) all of the physical and other features and characteristics of the locus and surrounding area bearing on the issue of spot zoning, and (c) the factors which he considered and the grounds on which he based his opinion. The testimony of these expert witnesses as it related to the issue of spot zoning was conflicting both as to their opinions and in other material respects.

In his lengthy decision the judge reviewed the testimony of each witness separately and made reference to some things which he saw on the view. He then con-

cluded as follows: "Where, as in the instant case, a large area is rezoned, and where the nature of this rezoned area and the properties surrounding it leads the court to the conclusion that the reasonableness of the zoning amendment in issue or its relationship to the zoning enabling act is, at least, 'fairly debatable,' said ordinance must be sustained." It is obvious that in reaching his conclusion the judge had relied at least in part on the oral testimony of the witnesses. We do not review his preliminary decision on the credibility and weight of oral testimony. "On an appeal from a decision of the Land Court, the findings of fact appearing in the decision . . . must ordinarily be accepted as final." *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 449, and cases cited. *Cohen* v. *Lynn,* 333 Mass. 699, 701. *Rosko* v. *Marlborough,* 355 Mass. 51, 53.

We have held on numerous occasions that where a party has the burden of proving an essential fact, "it can [rarely] be ruled as a matter of law that the burden . . . has been sustained [and that] [t]his is especially true when the attempt to sustain that burden rests upon oral testimony introduced by the party upon whom the burden rests, and upon inferences from circumstances." *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, and cases cited. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433. *Companion* v. *Colombo,* 338 Mass. 620, 623. Although there may be exceptions to this general rule (see cases cited in *McDonough* v. *Metropolitan Life Ins. Co., supra,* p. 453) they are exceedingly rare, and the present case does not represent one of them. It is governed by the general rule. A decision in favor of the petitioners was not required as matter of law on the issue of spot zoning.

*Conflict of Interest by City Councillors.* The petition as amended contained several references to G. L. c. 268A, as appearing in St. 1962, c. 779, § 1.[6] The petitioners'

---

[6] The references to c. 268A in the petition are limited to the following: "4. . . . A controversy exists among the parties as to the

outline bill of exceptions states: "Exception No. 2. Counsel for respondents moved to strike all references to General Laws, Chapter 268A, from the pleadings. Said motion was allowed on the ground that petitioners do not have a right of action under General Laws, Chapter 268A. Counsel for petitioners excepted thereto." The statement of the ground on which the judge acted is not quite so clear as the petitioners claim it to be, but the precise ground is not determinative in the view which we take of the case.

After the judge ordered the striking of all references to G. L. c. 268A, the petitioners made no attempt to amend their petition with respect to any violation of this statute. They likewise made no offer of proof, if any was required, and they did not in any other manner appearing in the record or transcript apprise the judge of the facts which they expected to prove on this issue.

In their brief they have set forth in great detail facts which they allege constitute violations of G. L. c. 268A, §§ 19 (a) and 21 (a), by one or more of the respondent city councillors who voted in favor of the reclassification of the locus. A brief cannot be used as the vehicle for placing such facts before us. "[T]his court, upon appeal, is precluded from considering matters that do not appear from the record to have been before the trial court. . . . This practice is adhered to whether the matters sought to be presented and not in the record are in the form of exhibits or of other documents . . . or whether they are set forth in briefs." *Gorey* v. *Guarente,*

---

validity of this rezoning, Petitioners alleging that . . . one or more City Councilors may have violated General Laws, Chapter 268A in voting on the rezoning petition, and that said vote must be rescinded and canceled under the provisions of Chapter 268A, Section 21, thereby effectively rendering said rezoning void under the . . . provisions of . . . [c. 40A, § 7]. . . . 13. Petitioners are informed, have reason to believe, and aver that one or more members of the City Council was in violation of C. 268A in voting on Petition No. 157, and that pursuant to the provisions of C. 268A, Section 21, the vote of said councilor or councilors ought to be set aside and annulled. 14. Since the annullment of any one vote in favor of Petition No. 157 would reduce the majority below the three-quarters vote required to validly enact the petition, said vote ought to be annulled and set aside."

303 Mass. 569, 570–571. *Coonce* v. *Coonce,* 356 Mass. 690, 693, and cases cited.

The statements in the petition on the alleged conflict of interests on the part of city councillors (see footnote 6, *supra*) are nothing more than conclusions of law. They do not allege who the councillors are, what they did which created the alleged conflict or whether the conflict, if any, "substantially influenced the action taken by" the city council in reclassifying the locus. G. L. c. 268A, § 21 (a).

On this record and background, the petitioners ask (a) that we rule that the judge was wrong in striking the references to G. L. c. 268A from their petition, and (b) that we decide, in a case of first impression, that they have a right to relief under G. L. c. 268A, § 21 (a), as appearing in St. 1962, c. 779, § 1, which provides as follows: "In addition to any other remedies provided by law, any violation of section two, three, eight, or sections fifteen to twenty, inclusive, which has substantially influenced the action taken by any municipal agency in any particular matter shall be grounds for avoiding, rescinding or cancelling the action on such terms as the interest of the municipality and innocent third persons require." We grant neither request.

We hold that the references to G. L. c. 268A which the judge struck from the petition were merely argumentative conclusions of law without allegations of any factual basis to support them. As such they would not have entitled the petitioners to relief under c. 268A if the judge had not struck them. In *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 567, cert. den. 382 U. S. 983, we held that allegations in much greater factual detail than the present ones were insufficient to form the basis for relief under c. 268A.

In the *Moskow* case we did not reach the point of deciding whether individuals who claim to be adversely affected by municipal action which has been substantially influenced by violations of provisions of c. 268A had a right to relief under § 21 thereof in their individual ca-

pacities. We said, at 571: "We express doubt whether the plaintiff has any right of action under § 21, but do not feel required to rest our decision on that ground where no error appears." Our position in the present case is that we are not required to decide that important question on this record, and we make no intimation as to what our decision thereon would be if the question were before us. See generally Buss, The Massachusetts Conflict-of-Interest Statute: An Analysis, 45 B. U. L. Rev. 300, 384; Braucher (now Justice Braucher), Conflict of Interest in Massachusetts, in Perspectives of Law, Essays for Austin Wakeman Scott, 34–35.

*Exceptions overruled.*