ALLEN E. MARTIN & others vs. TOWN OF ROCKLAND
& another.[1]

Plymouth.    February 14, 1973. — March 15, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Zoning,* Validity, Spot zoning.

With respect to a corner lot having an area of nearly sixty-six thousand square feet and containing a two-family dwelling, located in a residential zone of a town, and bounded on the north by other land zoned for residential use, on the south by a State highway separating the lot from land zoned for business and industrial use, and on the west by another public way separating the lot from land zoned for limited business use, an amendment of the town's zoning by-law changing the lot to a limited business zone could not be ruled invalid as spot zoning in the circumstances, including the fact that the lot, as so rezoned, would serve as a buffer strip between residential land and business and industrial land. [168-170]

BILL IN EQUITY filed in the Superior Court on October 27, 1970.

The suit was heard by *Collins,* J.

*Kenneth J. Elias (Robert S. Creedon, Jr.,* with him) for Allen E. Martin.

*Walter J. Connelly* for Mobil Oil Corporation.

*William J. Cantelmo* for the town of Rockland.

HALE, C.J.    The plaintiffs brought a bill under G. L.

---

[1] The Mobil Oil Corporation was permitted to intervene as a party defendant pursuant to the provisions of G. L. c. 231A, § 8.

c. 231A seeking a declaration that an amendment to the zoning by-law of the town of Rockland passed under article 45 of the warrant for the 1970 annual town meeting is invalid. The case was tried before a Superior Court judge who took a view and entered a final decree declaring the amendment to be valid. The plaintiffs appeal from this decree. The sole issue before us is whether in adopting this change of zoning the town exceeded its statutory authority. The judge filed voluntary "Findings Rulings and Order . . ." The evidence is reported and includes many photographs of the locus and the surrounding area.

The locus involved in this zoning change is on Market Street in Rockland between Arlington and Union Streets. It has a frontage of about 435 feet on Market Street, is approximately 150 feet in depth, and has an area of 65,920 square feet. There is a two-family dwelling on it. The original zoning by-law of the town of Rockland was adopted in 1958. At that time the by-law contained only two types of zones: (1) residential and (2) business and industry. The locus was zoned residential. In 1961, a limited business zone was added to the by-law. At the annual town meeting of 1966, the locus, together with a strip of land to the west running from Arlington Street to a point near Studley's Pond, was rezoned to a limited business district. At the 1967 annual town meeting, the locus was rezoned residential. This latter amendment was challenged in the Land Court and its validity upheld. No appeal was taken from the Land Court decree. The 1970 amendment rezoned the locus to a limited business district.

Market Street, upon which the locus fronts, is a State highway (Routes 123 and 139). Directly across Market Street south of the locus is an area zoned business and industry. In this area there is a large shopping plaza. An entrance from Market Street to this plaza is directly opposite Union Street and in effect extends Union Street into the parking area of the plaza. Also in this area, apart from the shopping plaza, are restaurants, an office building, a filling station, apartments, and a kitchen cabinet workshop. To the west of the locus from and beyond

Arlington Street is a strip of land running to Studley's Pond which, together with the locus, was rezoned in 1966 to limited business. The land to the west of the locus has not been rezoned. In this area is a modern service station, and an office building is planned. To the north of the locus is a residential zone. This is a superior residential area with very few non-conforming uses, but there are permitted and existing therein some funeral homes and nursing homes. Across Union Street to the east is a large wooden frame building operated as a rest home.

We conclude, as did the judge below, that the locus is at a borderline between a business and industry district and a residential district and that it could be properly zoned in either. We further conclude that the voters of the town could properly determine that the classification was reasonably related to public convenience and welfare and constituted an appropriate use of the land.

Zoning is a local matter, and the creation and modification of zones is a matter of municipal legislation. Every presumption is to be made in favor of the amendment, and its validity will be upheld unless it is shown beyond a reasonable doubt that it conflicts with the enabling act.[2] In debatable cases, the court cannot substitute its judgment for that of the town. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228. *Crall* v. *Leominster,* 362 Mass. 95, 101-102 and cases cited. The plaintiffs argue to us that the zoning in this case resulted in "spot zoning." We do not agree. There is no singling out of one lot for treatment different from that accorded to other land, indistinguishable in character, in the same zoning district. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 229-230. Because of its location adjacent to established business districts and uses, the locus is distinguishable from other parcels in the residential zone. *Peters* v. *Westfield,* 353 Mass. 635, 639. The change of the locus to limited business is but a reasonable extension of the existing

---

[2] G. L. c. 40A, §§ 2 and 3.

limited business zone to the west. The locus, in combination with the strip of land to the west, serves as a buffer strip between the more restrictively zoned residential area to the north and the less restrictively zoned business and industry area to the south. See *Peters* v. *Westfield, supra* at 638. Applying the principles fully detailed in the *Lanner* and *Crall* cases, *supra,* to the facts of this case, we conclude that the amendment is a valid exercise of the power of the town of Rockland under the zoning enabling act. For us to rule otherwise would require us to substitute our judgment for that of the voters of the town. This we cannot do.

*Decree affirmed.*