RALPH E. WALLACE & another *vs.* BUILDING INSPECTOR OF WOBURN & others. March 3, 1977. This is an appeal from the dismissal in the

Superior Court of an action attacking the validity of an amendment to the zoning ordinance of the city of Woburn. We see nothing in this case which permits us to interfere with the judgment of the city, expressed in that amendment, to enlarge a business district by shifting a parcel of land to that district from an adjoining residential district. *Peters* v. *Westfield,* 353 Mass. 635, 637, 639-640 (1968). *Martin* v. *Rockland,* 1 Mass. App. Ct. 167 (1973). Apart from the bare fact of the change and some unsupported assertions in their brief, the plaintiffs have · presented practically no evidence to sustain their heavy burden of proving beyond reasonable doubt that the amendment is invalid because it conflicts with a constitutional provision or does not fall within the scope of The Zoning Enabling Act. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228 (1964). *Martin* v. *Rockland, supra. Raymond* v. *Building Inspector of Brimfield,* 3 Mass. App. Ct. 38, 43 (1975). The recommendation by the planning board adverse to the amendment on the ground that "an extension of the business zone at this time would not be in the best interest to the city of Woburn" was no more than advisory in nature. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595-596 (1949). *Noonan* v. *Moulton,* 348 Mass. 633, 639 (1965). *Vagts* v. *Superintendent & Inspector of Bldgs. of Cambridge,* 355 Mass. 711, 714 (1969). *Raymond* v. *Building Inspector of Brimfield, supra,* at 40. The controlling judgment was that of the legislative body of the city. The plaintiffs complain that they were not allowed to ask the chairman of the planning board what items were discussed in reaching its recommendation (which was favorable to the plaintiffs and which, therefore, they were not attempting to impeach). But they made no offer of proof and, in any event, "[w]hat the planning board was told by those favoring or opposing rezoning was of no consequence ... [T]he evidence heard by the board was of no materiality in a court proceeding to determine the validity of the ordinance." *Barrett* v. *Building Inspector of Peabody,* 354 Mass. 38, 45 (1968). The trial judge also properly foreclosed an attempt to prove through one of the plaintiffs, who had testified that fill had been transported to the locus, that such transportation was illegal. We fail to see how this could be relevant to the plaintiffs' present contention that the amendment is invalid; nor was an offer of proof made indicating any such relevance.

*Judgment affirmed.*

*Edward D. McCarthy* for the plaintiffs.
*Joseph Day* for Four Corners Realty Trust.